OPINION OF THE COURT
William J. Burke, J.
This is an appeal from the Syracuse City Court where the lower court Judge refused to treat the appellant as a youthful offender.
*560 The facts briefly indicate that the appellant was charged in the Syracuse City Court with having committed the crimes of resisting arrest and obstructing governmental administration. However, after plea negotiations, the appellant was allowed to enter a plea of guilty to the violation of disorderly conduct and was sentenced to a $25 fine and a one-year conditional discharge. A request for youthful offender treatment was denied.
The appellant contends basically that the defendant was a "youth” within the definitions of CPL 720.20 (subd 1) in that he was a person charged with a crime. He further contends that CPL 720.20 (subd 1, par [b]) does not preclude youthful offender treatment by virtue of his plea to a violation, rather than a crime. In support of this contention, he cites CPL 720.20 (subd 1, par [b]) which states in part:
"1. Upon conviction of an eligible youth, the court must order a presentence investigation of the defendant * * *
"(b) Where the conviction is had in a local criminal court and the eligible youth had not prior to the commencement of trial or entry of a plea of guilty been convicted of a crime or found a youthful offender, the court must ñnd he is a youthful offender. ” (Emphasis added.)
The appellant, therefore, contends that CPL 720.20 speaks in terms of a conviction of an eligible youth in a local criminal court, without any designations that the convictions must be for a crime and that by virtue of this fact, any "eligible youth” must be accorded youthful offender treatment, notwithstanding the fact that he may ultimately plead guilty to a violation.
The youthful offender procedure under CPL article 720 contains a number of significant innovations intended to remedy those aspects of the former code provisions which proved to be cumbersome, inadequate and in some instances obsolete. However, the essential purpose of the youthful offender process remains unaltered: to enable a youthful wrongdoer to avoid a conviction for a "crime”. (See Waxner, 2 NY Criminal Practice, § 16.1.)
Additionally, Professor Richard G. Denzer (now Judge Denzer) states in his Practice Commentary to article 720 that: "In appraising the scheme, one must bear in mind the aforementioned proposition that the primary purpose of the youthful offender process is avoidance of the stigma and practical consequences of a conviction for a crime”. (Emphasis added.) *561 (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 720, pp 316-317.)
The Court of Appeals stated in People v Drayton (39 NY2d 580, 584): "The youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals. There is no constitutional right to youthful offender status and such treatment is entirely a gratuitous creature of the Legislature subject to such conditions as the Legislature may impose without violating constitutional guarantees.” (Emphasis added.)
The Court of Appeals, itself, is concerned with the stigma that derives itself from the acts of individuals which constitute the commission of crimes.
This court is of the opinion that CPL article 720, which followed the former code in its basic theory, is concerned with affording those individuals convicted of crimes with the benefits of its provisions, and does not mandate youthful offender treatment to those who are convicted of offenses, which are not crimes, even if those individuals were in the first instance "eligible youths”.
Our Penal Law defines in subdivision 6 of section 10.00 the term "crime” to mean a misdemeanor or a felony. CPL 1.20 (subd 39) defines the term "petty offenses” and it means a violation or trafile offenses.
Therefore, in the instant case, the conviction for disorderly conduct is what is controlling in the determination of mandatory or discretionary youthful offender treatment in the local criminal court and by virtue of the fact that such conviction is not for a "crime” but for a petty offense, youthful offender treatment is not mandated.
The CPL shifted the determination of youthful offender status from the prepleading stage to the postconviction stage, thus eliminating the proliferation of unnecessary and futile probation reports and if the appellant were correct in his contention, it would apparently mean that probation reports would be required in the countless thousands of cases wherein defendants are allowed to enter pleas of guilty to violations; this would not be a speedier process in disposing of cases within this age group as was intended by the Legislature.
*562 The statute itself provides what the court believes was the intended object of its coverage. In CPL 720.10 (subd 1) the term "youth” is defined to mean "a person charged with a crime”. The term "eligible youth” means, in subdivision 2, "a youth who is eligible to be found a youthful offender”.
Thus, in the first instance, the Legislature is clearly concerned with those individuals who are at least 16 years old and less than 19 years old and who are charged with commission of crimes.
The court further believes that the language of CPL 720.20 (subd 1) which states in part, "Upon conviction of an eligible youth, the court must order a presentence investigation of the defendant” logically refers to convictions for crimes, by virtue of the initial definition used in CPL 720.10 (subds 1, 2) as it relates to who is eligible for youthful offender treatment.
The defendant indicates that it would be unfair to deny one youthful offender treatment when, although originally charged with the commission of a crime, he is allowed to enter a plea to a violation because an individual charged with a misdemeanor and who pleads as charged would, in effect, be in a better position than that individual who pleads to the violation because of the availability of youthful offender treatment.
However, if article 720 were interpreted as the defendant would like, it would certainly be inequitable and perhaps unconstitutional to deny those individuals who are charged with the commission of a violation, in the first instance, youthful offender treatment because they would not be eligible youths in that they would not be charged with the commission of a crime.
In essence, then, youthful offender treatment would be denied to individuals in the same group (violators) because of the nature of the offense charged in the first instance, rather than determined by the nature of the conviction ultimately obtained.
The Court of Appeals has clearly stated in People v Drummond (40 NY2d 990) that the availability of youthful offender treatment should not depend upon the accusation made, but upon the adjudication of the matter ultimately obtained. Further, the Court of Appeals in Drummond cited the dissent of Mr. Justice Samuel Rabin at the Appellate Division wherein the court stated (51 AD2d 1, 14-15): "I see no rational basis for an inequality of treatment amongst youths who have *563 been convicted of the same offense merely because one of them had originally been charged with a higher crime”.
The courts of this State are, therefore, to base their determination on the eligibility for youthful offender treatment by looking to the level of the "crime” that one is convicted of rather than looking to the seriousness of the crime originally charged. However, these rulings do not preclude the Legislature in making a rational distinction between those youths charged with crimes and those who are charged with only violations, and those youths convicted of crimes and those youths convicted of violations. Such distinction in treatment, on that basis, is certainly rational in that they are not similarly situated individuals being treated differently.
Lastly, CPL 720.20 (subd 1, par [b]) states: "Where the conviction is had in a local criminal court and the eligible youth had not prior to commencement of trial or entry of plea of guilty, been convicted of a crime or found a youthful offender, the court must find he is a youthful offender.” (Emphasis added.)
This section shows again the Legislature’s concern for convictions of "crimes” rather than for convictions resulting from pleas to violations only. If the Legislature wanted to afford individuals youthful offender treatment for convictions of violations, they could have easily defined the term "youth” in CPL 720.10 to include persons charged with offenses considered violations.
Therefore, it is the opinion of this court that CPL article 720 and the relief afforded by its provisions do not apply to those individuals within the stated age limitations who are ultimately convicted of only violations, rather than crimes, and that such distinction is apparent in the language utilized by the Legislature and that such distinction in treatment has a rational basis in fact.
The judgment of conviction, as well as the sentence of the lower court, is affirmed.