*777 OPINION OF THE COURT
Bernard Dubin, J.
Petitioner moves for a writ of prohibition in that he seeks to restrain the respondent from moving to vacate an order of the Queens Criminal Court, entered on June 15, 1977.
The petitioner in this action pleaded guilty to the violation of harassment in satisfaction of all charges pending against her. Judgment was entered on this plea and the presiding Judge, the Honorable James O’Donoghue, then ordered the records of the criminal action sealed and the photographs and fingerprints returned pursuant to CPL 160.50. Both sides had an opportunity to be heard before this order was entered.
Thereafter, on November 22, the petitioner received a notice from the respondent, the Honorable W. Eugene Sharpe, that he intended to hold a hearing for the purpose of considering whether the "sealing” order should be vacated.
Petitioner now brings the instant application seeking to restrain the respondent from holding this hearing on the grounds that he lacks the authority to do so. Pending the determination of this application, the matter has been adjourned in the Criminal Court.
In dealing with petitions for prohibition, it is to be noted that this is a rigid remedy which by its very nature delineates the issues to be resolved, namely whether or not a court possesses authority over a given subject matter or has exceeded its powers. Thus the issue to be here resolved is whether the respondent, acting in his capacity as supervising Judge of the Queens Criminal Court, possesses the legal right to review a "sealing” order entered by another Judge of the same court.
It is conceded by both sides that the normal administration of justice demands that a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction. However, the People maintain that this rule is not ironclad and that there are exceptions which can be justified either by presenting new facts occurring after the entry of order or by statutory authority (cf. Matter of Dondi v Jones, 40 NY2d 8, 15).
In the case at bar, the People contend that the respondent does possess authority to review the "sealing” order and this power stems from two sources: (1) the inherent authority granted respondent over administrative matters pursuant to *778 section 217 of the Judiciary Law; and (2) express statutory authority pursuant to section 217-a of the Judiciary Law.
The first argument relies on section 217 of the Judiciary Law. This statute sets forth the duties and powers of the Administrative Judge and mandates that he "shall be responsible generally for the orderly administration and operation of civil and criminal justice in the courts within the area of his administrative responsibility”. The People urge that this broad authority implicitly grants the respondent "watchdog” powers over all records and documents pertaining to the public interest. They next argue that the records and fingerprints mentioned under CPL 160.50, fall under such public records and consequently the respondent would have authority in his "watchdog” capacity of reviewing the court’s decision regarding them.
They further maintain that these records are administrative or ministerial in nature and the decision of the court to grant relief did not affect any substantive rights in petitioner’s case. By substantive rights it is presumed that the People mean that the decision of Judge O’Donoghue in sealing the records had no bearing on the guilt or innocence of the defendant.
In analyzing this argument of implicit authority, this court first notes that the cited section furnishes no basis for the proposition that the court has inherent authority to modify or review a legal finding by a court of concurrent jurisdiction. On the contrary, the thrust of this statute is directed to regulating the administrative process of the court and the powers enunciated are restricted to "the area of his administrative responsibility”. No case has been cited which supports the proposition that the duties of administration include a review of findings of law. Traditionally, the review of such decisions has always been the province of appellate courts and not Administrative Judges of the sáme court. If the Legislature had intended such a radical departure, they would have specifically set this forth as they did in section 217-a of the Judiciary Law.
Further, this court cannot accept the view that the records encompassed by CPL 160.50 are solely administrative in nature, something required merely for identification or pedigree. In today’s complex society, a man’s legal involvements follow him through life like a shadow and affect his future. Court records have a definite bearing on civil rights, employment *779 and education. One court termed them "a Damocles’ sword” which hangs over a defendant’s head (Kushner v De La Rosa, 72 Misc 2d 319, 322). Clearly then to characterize such documents as merely procedural is to violate common sense. The information contained within CPL 160.50 deals not only with public records but with private rights. Our system of justice must be as concerned with the preservation of those rights as it is in the punishing of guilt. Hence this court finds no merit to respondent’s contention that he was simply acting as a "watchdog” in preserving records.
Nor, does the statute cited by the People (Judiciary Law, § 217-a) support respondent’s position. This section certainly grants the Administrative Judge power to review a finding of law made by a concurrent Judge but only in exceptional, limited circumstances, namely, default judgments obtained through fraud or other illegal means and only after a proper showing of such illegality. By no stretch of the imagination could this limited authority be transferred to the broad area of criminal convictions particularly, as in the case at bar, when there has been no showing or indication of fraud.
Finally, it might be noted that the question of whether a plea of guilty to a violation in satisfaction of misdemeanor charges constitutes a termination in favor of the accused under this section is still unsettled. Thus, in People v Flores (90 Misc 2d 190) and People v Hyll (90 Misc 2d 101), the courts held that such a plea fell within the protection of the statute; contrary decisions were reached in People v Casella (90 Misc 2d 442) and People v Blackman (90 Misc 2d 977). The only pertinent appellate department ruling on this issue was rendered in Dwyer v Guido (54 AD2d 956) when the Second Department ruled in favor of a defendant. This decision, however, is not controlling since the court based its ruling on section 79-e of the former Civil Rights Law and not on the present CPL 160.50. However, since this decision does show the court’s reasoning in this area, it would certainly justify the present ruling of Judge O’Donoghue in sealing the records. If clarification is needed on the scope of CPL 160.50, this should come from the Legislature or in the form of appellate review and not through the medium of administrative hearings.
For the above reasons the petition is granted.