OPINION OF THE COURT
William J. Burke, J.
This is a petition brought by the defendant seeking relief *574 under CPL 160.50, wherein it is requested that photographs and fingerprints be returned and official records relating to the arrest or prosecution of the petitioner be sealed.
The District Attorney opposes such application in that it is alleged that the relief provided in CPL 160.50 should not be accorded to individuals with existing felony convictions.
CPL 160.50 was enacted by the Legislature at the 1976 session (L 1976, ch 877, § 1). Section 160.50 provides basically that upon the termination of a criminal action in one’s favor, that every photograph or fingerprint taken be returned, and that all official records and papers relating to the arrest or prosecution of that charge be sealed.
While the provisions of CPL 160.50 initially appeared to be automatic in their implementation, both the court and the District Attorney may object to such relief if it can be determined that the interests of justice dictate a denial (160.50, subd 1).
The District Attorney seeks to prevail upon this court’s discretion in this matter in that the petitioner is, in fact, a convicted felon although the charges upon which this request is being made were clearly terminated in the defendant’s favor. Additionally, the charges the defendant indicates were disposed of favorably, although predating 160.50, are clearly within 160.50 (subd 3) wherein it is indicated that 160.50 relief may be granted upon application to the court on favorably disposed of matters occurring prior to the effective date of this section.
CPL 160.50 replaced section 79-e of the Civil Rights Law, which was repealed on September 1, 1976. Section 79-e provided for the return of photos or fingerprints in criminal matters favorably terminated unless the person requesting such relief had a criminal proceeding pending against him, or "unless such person has previously been convicted in this state of a crime” (emphasis added). Thus, section 79-e clearly provided that such relief could not be afforded to any individual who had been convicted of a crime in the State of New York. However, the Legislature in enacting 160.50 has deleted from its language a denial of such relief because of one’s prior convictions for crimes. If the Legislature is guilty of oversight in this regard, it is up to that body to correct it. This court is of the opinion, however, that the Legislature’s intent was clear by such deletion in that it now empowered the courts of this State with discretion in this regard wherein it provides *575 for denial of the requested relief when the interests of justice so warrant.
In essence, then, it appears that 160.50 relief is not to be automatically denied to a petitioner who has a criminal record without the further showing that the interests of justice so require such denial.
In approving CPL 160.50, the Governor of the State of New York said:
"The bill * * * is designed to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction.
"The bill provides for the return of fingerprints and photos, and the sealing of arrest records in all criminal cases terminated in favor of the accused * * * unless the district attorney
can demonstrate that the interests of justice require otherwise
* * *
"This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law”. (NY Legis Ann, 1976, pp 408-409; emphasis added.)
Thus, the specific provisions of 160.50, as well as its apparent history and evolution from section 79-e of the Civil Rights Law, do not exclude automatically those individuals with prior criminal records. Although the extent of one’s past criminal record may be one factor among others in determining whether the requested relief should be granted, that factor standing alone does not preclude automatically the type of relief covered by 160.50. As indicated earlier, this legislation is consistent with the presumption of innocence, and one should not be made to suffer any adverse consequences from a mere accusation of some alleged wrongdoing when that charge is not ultimately sustained in a court of law.
Additionally, the court believes that the Legislature realized, and rightly so, that individuals with existing criminal records stand in a similar position as any other individual requesting 160.50 relief in that the same presumption of innocence applies to them, as well as the danger of adverse consequences resulting from the mere accusations of criminal wrongdoing.
Relative to this latter issue, perhaps individuals with prior involvements with the criminal justice system need the protec *576 tion even more. Invariably, one is believed guilty of charges which did not result in convictions, or at the least, thought of as having been wrongfully involved when his criminal record of convictions is displayed along with mere accusations of crimes, even when they appear to have been favorably disposed of.
The realities of life in the criminal justice system, at whatever stage, certainly indicate that mere accusations of criminal wrongdoing without more can adversely affect an individual who has a prior criminal record. Therefore, it is unrealistic and unfair to preclude automatically an individual with a prior criminal record from 160.50 relief without a showing that justice requires such denial. This court is not stating, however, that one’s prior criminal record of convictions is not a factor in the interest of justice argument, but that the court’s ability to exercise its discretion in this regard should not be precluded by that factor alone. It would appear in this area, that each court must proceed on a case-by-case basis and consider all factors presented before granting or denying such relief. While it would appear that administratively, 160.50 relief could be a nightmare, the Legislature apparently feels that the good to be derived from such relief outweighs the administrative red tape required to effectively accomplish the ends intended by such relief, when granted.
Relative to the instant case, the court is of the opinion that the District Attorney has not shown that the interest of justice requires the denial of the requested relief. It appears that the defendant, in the instant case, has sought to rehabilitate himself during his imprisonment, and has been denied some further aid in that regard because of the confused state of his record. Additionally, it appears that this defendant has not been convicted of a felony prior to the conviction for which he is presently incarcerated.
Thus, it is the opinion of the court that 160.50 does not implicitly or explicitly exclude from its coverage those who have been convicted of crimes, nor has it been demonstrated that justice requires the denial of the requested relief.
Therefore, the motion is granted.