OPINION OF THE COURT
Carmelo A. Parlato, J.
This court has initiated this proceeding, pursuant to the provisions of CPL 160.50 (subd 1), for consideration of the question of whether the interests of justice require "otherwise” than that this court issue herein the order, commonly called a "seal order”, containing the directions provided for in CPL 160.50 (subd 1, pars [a], [b], [c], [d]).
This defendant, tried on the charge of violating subdivision 3 of section 1192 of the Vehicle and Traffic Law a misdemeanor, was acquitted, by a jury. After the verdict, this court gave notice (of more than five days) to defendant’s attorney that it was, on its own motion, considering the denial of such seal order.
The only argument advanced by defense counsel is essen *989 tially that, the evidence having failed to prove defendant’s guilt, he should not suffer the possible adverse consequences attendant to the availability of the court records, etc.
The threat to this defendant, if the said seal order not be issued, is not that he will ever be tried again for the offense charged, or that people will believe that he has been convicted of the crime; the court records will clearly reveal the acquittal along with the incriminatory matter.
The threat is, rather, that the defendant will be subjected to possibly adverse use of the accusatory data herein (including the evidence adduced at the trial) against him, firstly, in civil relationships and, secondly, in proceedings of a collateral criminal nature, such as bail-setting, sentencing, probation or parole hearings, and applications generally for judicial or prosecutorial leniency.
There are significant differences between the procedural and substantive standards by which, in our system, a person may justly be subjected, on the one hand, to criminal conviction and penalties and, on the other, to civil damages and to such adverse collateral criminal uses as above mentioned. (See Matter of Anonymous Attorneys, 41 NY2d 506; People v Perry, 36 NY2d 114; Williams v New York, 337 US 241, affg 298 NY 803.)
It is, of course, the criminal conviction against which the higher levels of protection are afforded. For the instant case it suffices to note that the burden of proof for criminal conviction is "beyond a reasonable doubt”, whereas the burden of proof for civil and such collateral criminal proceedings is less, i.e., "by a preponderance of the evidence”.
Nowhere is it authoritatively provided, in either statutory or case law, that the higher burden (beyond a reasonable doubt) extends beyond the criminal trial forum, into the area of civil relationships or said collateral criminal proceedings, or that the criminal acquittal signifies, for all such potential adverse uses, that the issue of "guilt” has been conclusively answered in the negative.
The jury in a criminal trial, as here, is permitted to weigh the evidence against only the higher standard of proof, and must acquit if there be a reasonable doubt as to any element of the offense charged. The verdict of acquittal has left unanswered all other questions, except those necessarily inherent in that verdict.
*990 In the case at bar, this court of course heard all the trial evidence and, having now assessed it in the context of this proceeding, finds that it has established all the elements of the charge, by a preponderance of the evidence. Further this court finds that it would be contrary to the interests of justice were the evidence of this defendant’s misconduct, so established, not made available to interested persons and agencies (beyond the confines of CPL 160.50 (subd 1, par [d]), for their consideration in assessing the moral fitness and general character of the defendant, including his propensity for sobriety and safe driving habits; and especially to future courts for use in making discretionary decisions in possible future sentencings, bail matters, and applications for reduced plea, involving this defendant. Additionally, the record herein includes sworn testimony to the effect that the defendant refused to submit to a chemical test of the alcoholic content in his blood, such as to be justly available to the Department of Motor Vehicles should there be proceedings based upon his said refusal.
This court does not imply any categorical standards, either as to what the interests of justice might permit or require, in other cases.
By reason of the above findings, this court has denied issuance of the said seal order.