OPINION OF THE COURT
Jesse M. Eisen, J.
The defendant herein originally was accused of violating subdivision 3 of section 120.05 of the Penal Law, assault in the second degree, a felony. Subsequently he was charged in a superseding information to that of the felony with three *416 offenses as follows: count 1 — resisting arrest, section 205.30 of the Penal Law, a misdemeanor^ count 2 — harassment, subdivision 1 of section 240.25 of the Penal Law, a violation; and count 3 — disorderly conduct, subdivision 3 of section 240.20 of the Penal Law, a violation, and had pleaded not guilty to the various charges. A trial of the issues was held before the court and jury, and the latter returned a verdict of not guilty as to counts 1 and 2 and guilty of cotint 3, a violation.
At the time scheduled for the imposition of sentence in connection with the disorderly conduct charge and later by written motion, the defendant made an application pursuant to CPL 160.50 for the return and the retrieval of all of his photographs as well as all palmprints and fingerprints made in connection with this matter. The District Attorney opposed the request and the court reserved decision on the application. The defendant was photographed and printed as the result of the initial felony complaint of assault in the second degree, and would have been photographed and printed similarly in connection with the misdemeanor charge of resisting arrest contained in the superseding inijormation.
Generally, upon the completion of a criminal action wholly in favor of the defendant, the latter would be entitled to the relief demanded herein plus the sealing of the records. (CPL 160.50.) However, the statute defines when and under what circumstances such a termination has been effected, and CPL 160.50 (subd 2, par [c]) provides that upon "a verdict of complete acquittal” of the defendant, the photographs and prints are to be returned and the records sealed. The issue before the court is whether or riot the acquittal by the jury of the misdemeanor charge simultaneously with the guilty verdict by the said jury of the disorderly conduct charge sufficiently complies with the statute so as to allow for the granting of the request of this defendant to recover all photographs and prints as provided for in CPL 160.50 (subd 1, pars [a], M).
A number of reported cases in which the initial accusation contained a charged criminal offense, but thereafter were determined by a noncriminal or traffic offense disposition, have dealt with the question of the return of photographs and prints. The decisions in these cases have not been uniform (see, e.g., People v Miller, 90 Misc 2d 399 [in favor of return of prints]; People v Ebner, 95 Misc 2d 781 [against return]). However, it is to be noted that said decisions have involved *417 defendants who have either pleaded down a misdemeanor charge to a violation or pleaded to the violation in satisfaction of the misdemeanor charge. There is an apparent conflict as to whether such a disposition is to be accepted as "an order dismissing the entire accusatory instrument” against the defendant as provided for in CPL 160.50 (subd 2, par [a]).
The application before this court is different and decisions dealing with a plea down or plea in satisfaction of a misdemeanor do not control the factual situation herein. This defendant has been found not guilty of the misdemeanor charge by a jury. Though said jury at the same time found him guilty of disorderly conduct, he would not have been photographed and printed if the initial accusation had been that of disorderly conduct alone. (CPL 160.10.) It would appear that it could not have been the purpose of the Legislature in enacting CPL 160.50 to deny the relief provided for in the statute to a defendant who has been completely cleared by the jury of the basic charge which caused him to be photographed and printed regardless of the fact that the same jury found him guilty of the nonprintable offense of disorderly conduct. Though only tangentially apposite to the instant matter, the court is aware of and disagrees with the result in People v Jarnot (100 Misc 2d 988) which denied the sealing of the records following the jury acquittal of the defendant of violating subdivision 3 of section 1192 of the Vehicle and Traffic Law, driving while intoxicated, a misdemeanor, and the sole charge before it — apparently the return of photographs and prints was not involved — on the ground that in the opinion of the Trial Judge the charge against the defendant was established by the preponderance of the evidence so that therefore in the interests of justice pursuant to CPL 160.50 he refused the request to seal the records.
This court holds that following the acquittal of this defendant by the jury of resisting arrest, the sole criminal charge lodged against him, the statutory language requiring "a verdict of complete acquittal” has been reasonably and adequately satisfied, and under the circumstances herein falls within the spirit and intent of the law governing the return of photographs and prints upon the termination of a criminal action in favor of the defendant. In commenting upon the purpose to be served by the law, our State Court of Appeals in Matter of Hynes v Karassik (47 NY2d 659, 662) said "The statute serves the laudable goal of insuring that one who is *418 charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation”.
Therefore, the motion by the defendant is granted.