OPINION OF THE COURT
John J. Ark, J.
Since May, 1978, the defendant, Mary Donner, had several arrests and subsequent proceedings in the Brighton Town Court. These arrests included a single arrest for criminal possession of a forged instrument in the second degree, four arrests for issuing a bad check, and one arrest alleging violation of the Vehicle and Traffic Law in the State of New York. All of these matters were resolved in the defendant’s favor, i.e., either through withdrawal by the complainant and/or the District Attorney’s office or adjournment in contemplation of dismissal.
In compliance with CPL 160.50, several Justices of the Brighton Town Court executed orders sealing the photographs, fingerprints, and all official records and papers relating to these several arrests and prosecutions. The court orders, however, through clerical error only, did not contain the provisions reflected in CPL 160.50 (subd 1, par [d]) making such records available to the person accused, or to such person’s designated agent. Upon requesting access and being denied the same, defendant moved *780 ex parte for an order permitting her access to any and all files compiled relative to the charges disposed of in the Brighton Town Court. On or about August 7, 1980, the Honorable John J. Ark executed such an order providing the defendant with such relief. Thereafter, following correspondence on August 12,1980 from Mr. Howard R. Relin, Second Assistant Monroe County District Attorney, the order allowing defendant access to her files was stayed, pending further proceedings. Thereafter, on August 26, 1980, a hearing was conducted in the Brighton Town Court. The purpose of this hearing was to provide the District Attorney an opportunity to show that the interest of justice required the defendant be denied access to these records.
It was stipulated prior to the commencement of the hearing that the People of the State of New York bore the burden of proving that the interest of justice would not be served by providing the defendant, Mary Donner, access to the several files in the custody of the Town of Brighton Police Department. It was further agreed that the burden of proof should be met only upon establishing by a fair preponderance of the evidence that the interest of justice required a denial of the relief sought.
The People called as their only witness Officer Scott Hill, the record supervisor for the Brighton Police Department. Officer Hill testified that it was the policy of the Brighton Police Department not to release contents of any sealed file to any person, whether the accused or otherwise. Officer Hill further testified that the defendant had been arrested approximately 26 times since 1969, and had been convicted of at least 8 crimes in Monroe County alone. In addition, Officer Hill stated that he had opened the files in question the evening before the hearing, pursuant to a Monroe County Court order, and determined that the files contained “confidential” material. However, Officer Hill did not specify upon what he based this latter conclusion.
This court believes two threshold questions must be resolved before the ultimate criterion of the “interests of justice” can be addressed.
First, for the purposes of this proceeding, the prosecution maintained that the “interest of justice” standard in *781 CPL 160.50 (subd 1) may be made applicable only to paragraph (d), thereby precluding the accused or such person’s designated agent from having the records made available to him or her. In essence, the prosecution is requesting that the court fulfill its statutory mandate by ordering the “sealing” provisions of paragraphs (a), (b), and (c), but in the “interest of justice” not allow the accused to have access to her records pursuant to paragraph (d).
Paragraphs (a), (b), (c) and (d) of CPL 160.50 (subd 1) are listed and connected only by the word “and” between paragraphs (c) and (d). Although there is no New York precedent on point, this court holds that the use of the conjunctive “and” alone excludes the efficacy of any of the alternatives standing alone. Thus, paragraphs (a), (b), (c) and (d) are to be considered cumulatively and jointly, and not alternatively.* Accordingly, CPL 160.50 (subd 1) mandates that the court shall enter an order directing that each of paragraphs (a), (b), (c) and (d) be complied with.
The prosecution’s recourse was “upon motion with not less than five days notice to such person or his attorney demonstrate to the satisfaction of the court that the interests of justice required otherwise” (CPL 160.50, subd 1) to show why the court shall not enter an order requiring all the actions enumerated in paragraphs (a), (b), (c) and (d) . For the prosecution now, after paragraphs (a), (b), and (c) have been complied with to preclude the accused from seeing her records as allowed by paragraph (d) is inherently unfair and contrary to the intent of the statute which is “to protect the rights of certain persons upon favorable determination of criminal actions against them.” (L 1977, ch 905, memorandum.) This court is unconvinced that a person’s rights can be protected by not giving her *782 access to police files concerning her, particularly when the Criminal Procedure Law requires that “such records shall be made available to the person accused or to such person’s designated agent” (CPL 160.50, subd 1, par [d]).
Second, the parties agreed that the prosecution’s burden of proof in this matter could be met upon establishing “by a fair preponderance of the evidence” that the “interest of justice” required a denial of the relief sought. Although CPL 160.50 is silent as to the requisite standard of proof, the Criminal Procedure Law in other situations sets forth various standards, ranging from “the preponderance of the evidence” to “beyond a reasonable doubt”. In this particular matter, the relief requested by the prosecution essentially deprives an individual of a statutory right. Accordingly, although the “preponderance of the evidence” standard is insufficient, “beyond a reasonable doubt” would be excessively protective. The court would have preferred that the standard of “clear and convincing” evidence be used. However, the court, for this case only, considers itself bound by the stipulated standard.
Even though this court holds that the defendant is entitled to peruse her records pursuant to CPL 160.50 (subd 1, par [d]), since the statute is to be applied cumulatively and not alternatively, the court feels that the question as to what constitutes the “interest of justice” and whether the prosecution met those standards should be addressed.
The prosecution has placed considerable emphasis on the fact that the defendant has an extensive criminal history and that this alone should preclude her access to her files. As the prosecution pointed out, People ex rel. Phoenix v District Attorney of Onondaga County (95 Misc 2d 573, 576) says that each court should proceed on a case-by-case basis and consider all facts in determining the “interests of justice” argument. In the cited case, the defendant’s record was minimal and the court found he had “sought to rehabilitate himself during his imprisonment” (supra, p 576). Clearly in the instant case, the defendant would have failed both the minimal record and rehabilitative tests. However, this court does not feel that her extensive record alone would be sufficient to satisfy the “interests of justice” *783 standard. Nor, does the fact that the defendant has commenced lawsuits, because of these arrests, against the Town of Brighton preclude her from access to her records, particularly since the Town of Brighton has considerable protections afforded it, during the course of litigation, pursuant to the Civil Practice Law and Rules.
Section 87 of the Public Officers Law sheds light on when an agency may deny access to records. These standards, which might have been applicable to the present situation, include records compiled for law enforcement purposes which, if disclosed, would:
“i. interfere with law enforcement investigations or judicial proceedings;
“ii. deprive a person of a right to a fair trial or impartial adjudication;
“iii. identify a confidential source or disclose confidential information relating to a criminal investigation; or .
“iv. reveal criminal investigative techniques or procedures, except routine techniques and procedures”. (Public Officers Law, § 87, subd 2, par [e], els [i]-[iv].)
In addition, section 87 of the Public Officers Law states that access may be denied to any records which if disclosed would endanger the life or safety of any person.
Officer Hill’s testimony did not indicate that the contents of the defendant’s files would meet any of these standards.
In sum, although the defendant has an extensive criminal record, this alone was insufficient to outweigh the fact that the statute mandates that she is to have access to her files, that the police and the prosecution the night before the hearing had access to the files, that the police could not specify that any materials as indicated above were in the files, and, that as relates to the civil suit, the Town of Brighton still has all of its protections pursuant to the CPLR. Accordingly, if at this time this court were to address itself to whether the prosecution carried its burden of proof by a preponderance of the evidence, this court would only conclude that it had not. However, this question is rendered moot by the court’s reading of the cumulative effect of the statute.
*784 During the course of this proceeding, it has been brought to the attention of this court that the seal orders which have been used by this court and by the Brighton Police Department are defective in that they leave out a critical sentence referring to CPE 160.50 (subd 1, par [d]). Accordingly, this court hereby orders that all existing and prospective seal orders are to be corrected, nunc pro tune to comply with the requirements of CPE 160.50.

 Although no New York authority was found, the Supreme Courts of both North Carolina in Lithium Corp. of Amer. v Town of Bessemer City (261 NC 532) and Oregon in Wilcox v Warren Constr. Co. (95 Ore 125; 13 ALR 211), hold that when the conjunctive “and” connects words, phrases or clauses of a statutory sentence, they are to be considered jointly.
In addition, Sutherland Statutory Construction (4th ed, vol 1A, § 321.14) states when “two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive ‘and’ should be used.”