OPINION OF THE COURT
Stephen G. Crane, J.
Complainant, in this prosecution for assault, third degree, and aggravated harassment, moves pursuant to CPL 160.50 to unseal “all official transcripts, records and papers, including judgment, decisions, opinions, records and briefs relating to” the defendant’s arrest and prosecution. He was acquitted after trial before me. While the notice of motion seeks unsealing of all records, the affidavit in support of the motion, made by complainant’s lawyer, addresses only the transcript of the trial. The transcript of a trial is, indeed, within the scope of a sealing order. (See Black’s Law Dictionary [5th ed], Judgment record, p 759; cf. Judiciary Law, §§295, 301, 302; CPL 460.70, subd 1.) The order does not, however, seal “published court decisions or opinions or records and briefs on appeal”. (CPL 160.50, subd 1, par [c].) To the extent the movant seeks such items, if any, this motion is unnecessary.
The defendant opposes the motion, standing on the protection the statute extends to an “acquitee” (CPL 160.50, subd 2, par [c]) by sealing the transcript and other records sought by complainant and by prescribing that they shall *753 not be made “available to any person or public or private agency”. (CPL 160.50, subd 1, par [c].)
CPL 160.50 (subd 1) contains a procedure by which the District Attorney may demonstrate to the satisfaction of the court, or the court on its own motion may conclude, that the interests of justice require that sealing be withheld. No such application was made in this case. After sealing, the statute affords very narrow ground for unsealing. CPL 160.50 (subd 1, par [d]) prescribes in pertinent part: “[S]uch records shall be made available to the person accused or to such person’s designated agent, and shall be made available to *** (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it”. (Emphasis added.) The application before me is neither made by a law enforcement agency nor is it made to a superior court.[2] Patently, there is no jurisdiction under the statute for this court to grant the requested relief.
Yet, inherent power does exist in rare instances for a court to seal its records and, in cases that are still rarer, to unseal them. (Matter of Hynes v Karassik, 47 NY2d 659.) The measure of that power is, like the standard in CPL 160.50 for withholding a sealing order or permitting limited unsealing, the “interests of justice”. Hence, a closer examination is in order of the need complainant asserts for the relief requested.[3]
Complainant claims she requires the transcript to pursue fully her legal rights and to furnish “information as to what, if any, future actions she should take in connection with the charges involved in this case.” Second, she claims a disadvantage from the circumstance that the prosecutor advised her lawyer to absent herself from the trial so she has no notes of what transpired. Third, letters from defendant to complainant, admitted in evidence at the trial, *754 have been misplaced by the District Attorney’s office, and the transcript is the only source of their content. Finally, complainant ordered the transcript and paid a fee to the court reporter but will lose these funds unless she can obtain what she has purchased. None of these circumstances persuades that the interests of justice require unsealing of the transcript, to say nothing of the other records embraced by the notice of motion; movant fails to convince that she needs unsealing for any purpose, no less the broad and unlimited purpose sought by this motion.[4]
The complainant herself testified extensively at the trial. She should remember her testimony. She needs no information that the transcript could supply to furnish any greater insight into her legal rights than she already has. All that she lacks, from her absence during defendant’s testimony, is his version. But, it is inconceivable that she would govern her civil claim by his version of the events on which that claim is predicated. At best, she may want the transcript of his testimony to impeach, by inconsistent statements, any testimony he may give in her civil proceeding. (Richardson, Evidence [Prince, 10th ed], § 501; Proposed Code of Evidence, §§613, 801, subd [d], par [1].) This is insufficient to influence this court to exercise the rarely used inherent power to unseal the transcript or any part thereof in the teeth of the contrary public policy expressed in CPL 160.50.
The loss of the exhibits in evidence, though unfortunate, does not lend support to this application. Movant fails to establish that copies were not made or are otherwise unavailable. Moreover, these exhibits related to the charge of aggravated harassment. This court is unaware of any civil form of action that could be predicated upon defendant’s transmission of the exhibits. Certainly they are irrelevant in proving a civil cause of action for the tort of assault or battery. (See Prosser, Torts [2d ed], §§ 9, 10; 6 NY Jur 2d, Assault — Civil Aspects, §§ 1, 4.)
The last circumstance — that movant already paid for the transcript — is nothing more than her assertion that *755 she wixs ignorant of the law that mandates sealing after acquittal of all the official records in the case including the transcript.
The foregoing analysis of complainant’s asserted need for the transcript reveals how unfavorable is her position when compared with the applicant in Matter of Hynes v Karassik (47 NY2d 659, supra). There, the “acquittee” was a member of the Bar. The charge had been criminal solicitation. The Grievance Committee wanted the criminal record unsealed to learn if the defendant had been guilty of professional misconduct. The Appellate Division reversal of the unsealing order was upheld. Unsealing would undermine CPL 160.60 which declares the arrest and prosecution a nullity and restores the “acquittee” to the status he enjoyed before arrest. Not only are such arrest and prosecution no disqualification from any profession,[5] no “acquit-tee” is required to divulge information pertaining to the arrest or prosecution, subject to statutory exception or superior court authorization.
The motion to unseal is denied.

. This court is aware and takes judicial notice of a second prosecution against defendant for alleged aggravated harassment of this same complainant on dates subsequent to the commencement of this prosecution. It is significant, therefore, that the District Attorney has not joined in this motion nor applied ex parte to the Supreme Court for unsealing.

. While the notice of motion is expressly founded upon CPL 160.50, it does contain the usual omnibus demand for “such other and further relief as to the court may seem just and proper.”

. The complainant wants the transcript “made available” to her attorneys. They would be unfettered in its use and could conceivably publish it in the news media. It is implicit that, under CPL 160.50 (subd 1, par [d]), unsealing for a law enforcement agency would be limited to the purpose for which the records are sought — a purpose which satisfies the court that justice requires the limited unsealing.

. Defendant is a candidate for admission to the Bar in the State of New York.