OPINION OF THE COURT
Richard B. Lowe, III, J.
This application appears to pose a matter of first impression. Where a named criminal defendant has successfully moved for an order to seal the official records of a case pursuant to CPL 160.50, does that defendant have a right to petition the court which issued the order to compel compliance with that order?
It is clear from reading CPL 160.50 and the case law that plaintiffs in related civil actions, prosecutorial bodies and even courts of concurrent jurisdiction may not have a criminal matter opened once it is sealed pursuant to that section. (Matter of Hynes v Karassik, 47 NY2d 659 [1979]; People v Joseph W. F., 111 Misc 2d 752 [1981]; People v Blount, 116 Misc 2d 975 [1982]; Matter of Mendez v Sharpe, 93 Misc 2d 776 [1978].)
From the limited papers before this court, the facts appear to be as follows. Sometime in 1984 Mr. Hurd was arrested for an unknown crime (that is, unknown to this court). On January 31, 1985 the criminal proceeding (docket No. 4N077911) was dismissed for failure to prosecute. The record of that matter was ordered to be sealed pursuant to CPL 160.50. The sealing order became effective on April 1, 1985.
At a later date, certain public officials instituted a forfeiture action against Mr. Hurd pursuant to CPLR 1311. It is alleged that documents from the sealed criminal matter are to be used in the forfeiture case in violation of the sealing order.
*950 A sealing order is not to be taken lightly. The purpose of such an order is that upon favorable termination of a criminal proceeding, "the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution” (CPL 160.60).
Mr. Hurd has asked this court to uphold the sealing order by unsealing the record, restoring the criminal case to the calendar and holding those who violated that sealing order in contempt.
Mr. Hurd’s request contains a fatal flaw. The express language of CPL 160.60 denies this court the authority to unseal records. While the Criminal Court may issue a sealing order, only a superior court may order the unsealing of that record.
When the Legislature has seen fit to permit the trial level court to open a sealed record, it has done so explicitly. CPL 720.35 (2) provides for such unsealing for the benefit of an agency charged with the supervision of a youth who has been put in their charge pursuant to a finding of youthful offender (CPL 720.20). Once the duties imposed on these caretaking agencies have been fulfilled, the records are resealed by the court. The purpose of CPL article 720 is similar to that of CPL 160.50, i.e., to protect the defendant against later reprisal for what may be a single act of indiscretion, but article 720 goes further, in that it removes from public consideration the underlying conviction of the youth. The existence of the sealing order on the adjudication limits, but does not remove the inherent ability of the sentencing court to supervise the defendant.
As the instant petitioner’s civil matter is pending in a superior court, Mr. Hurd is not deprived of an appropriate forum to request such relief by the denial of this application. While the superior court may have the statutory authority to unseal the record in question, it is under no compulsion to do so. (CPL 160.50 [1] [d].)
As the parties are properly before a court with appropriate jurisdiction, the application is denied in all respects, with leave to renew in the Supreme Court.