*395 OPINION OF THE COURT
Marquette L. Floyd, J.
The plaintiffs in a civil action entitled B.C. v J.K. move for an order of production and examination of records of the County Court and the Suffolk County District Attorney’s office, relating to the matter of People v J.K. The defendant, J.K., was previously the subject of a criminal investigation in Suffolk County and the complaint in the civil action demands damages allegedly arising from the same incidents. The criminal prosecution resulted in a youthful offender adjudication. The plaintiffs allege that in order to properly prosecute the civil action, B.C. v J.K, it will be necessary to obtain the records of the County Court, including the probation report, and the records of the District Attorney. The defendant, J.K., opposes this motion on the ground that the records relating to the youthful offender adjudication and the probation report are confidential pursuant to CPL 720.35 and 390.50, respectively.
CPL 720.35 (2) provides in part: "Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justices services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency”. The court notes that the language "all official records and papers” should be read to give broad protection to all records concerning a youthful offender. In this case, the plaintiffs are requesting not only the records of County Court, but also the records of the Suffolk County District Attorney. Generally, a court has the inherent power to control its own records. Occasionally a court’s power will be extended over the records of another agency by the Legislature. (See, Matter of Dorothy D., 49 NY2d 212.) Although CPL 720.35 provides broad protection, it does not provide a clear directive giving this court the power to order the District Attorney to open its file. In the absence of specific statutory authority extending this court’s power, it only has the power to control its own records, and not the records of the District Attorney.
This court is aware that in Royal Globe Ins. Co. v Mottola (89 AD2d 907), it was held that the term "the court” in CPL 720.35 (2), refers to the court which rendered the youthful offender adjudication. However, Mottola is distinguishable *396 since it was concerned with solely the plea minutes within the County Court’s records, and it was based upon the court’s inherent power to control its own records. The court in Mottola did not interpret the language of CPL 720.35 as extending the power of the court where the youthful offender adjudication occurred, to control the records of another agency. Therefore, that part of the plaintiffs’ motion requesting the records of the Suffolk County District Attorney is denied for want of authority. This ruling does not preclude the plaintiffs from seeking the records of the District Attorney in the appropriate court. (See, Siegel, NY Prac § 382.)
The balance of this decision will concern only the plaintiffs’ request for the records of County Court. The court further notes that a probation report, within the County Court’s file, will be treated with the same standard of confidentiality, as all other papers within the youthful offender file. (See, CPL 390.50.) Accordingly, if the strict confidentiality of the court records is to be pierced, it must be by either a statute specifically requiring or permitting the use of the records, or "upon specific authorization of the court.” (CPL 720.35 [2].) Since the plaintiffs have offered no applicable statutory authority in support of their request, the application for production and examination of J.K.’s youthful offender records must be based upon "specific authorization of the court.”
In determining whether to make available youthful offender records, the court is mindful of the purpose of the youthful offender law. "[T]he essential purpose of the youthful offender process remains unaltered: to enable a youthful wrongdoer to avoid a conviction for a 'crime’.” (People v Caruso, 92 Misc 2d 559, 560.) The primary advantage of youthful offender treatment "is the avoidance of the stigma and practical consequences which accompany a criminal conviction”. (People v Cook, 37 NY2d 591, 595.) The provisions of the Criminal Procedure Law dealing with youthful offenders "emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts”. (People v Drayton, 39 NY2d 580, 584.)
This court has considered several cases that, although not precisely on point, are helpful in determining when a court should authorize the examination of the youthful offender records. In Matter of Cacchioli v Hoberman (31 NY2d 287), Judge Jasen in his concurring opinion examined the youthful offender statute, in the context of the right of the New York City Transit Authority Police Department to inquire into the *397 youthful offender record of a police trainee. Judge Jasen stated, "It would be unreasonable to interpret [the statute] as foreclosing a governmental agency, such as the Authority, from inquiring into an applicant’s prior misconduct in evaluating his fitness for employment as a police officer. The public interest requires that law enforcement officers be of impeccable character and integrity, and in order to properly determine an applicant’s character and integrity, the department should know of any prior misconduct.” (Matter of Cacchioli v Hoberman, 31 NY2d 287, 294, supra [emphasis added].) Judge Jasen’s opinion focuses on public interest, in cases involving sensitive public positions, as permitting inquiry into the misconduct underlying prior youthful offender adjudication.
In People v Gallina (110 AD2d 847, 848), the court considered the issue of whether a photograph of a youth, "taken during a previous arrest that had resulted in a youthful offender adjudication may be placed in police investigation files of photographs that are viewed by crime victims to identify potential suspects.” The court held that the display of such photographs to witnesses within the confines of the agency, that is, for internal use within the police department, was permissible. However, the court held it was an error to release the youth’s photograph for external use, without a court order. The court also compared CPL 720.35 to CPL 160.50, which governs the termination of a criminal action in favor of the accused, and found a similarity between the two sections. The court stated, "both provisions were 'intended to remove the "stigma” of the alleged criminal activity and its adverse affect on the accused, thereby affording protection to such accused in the pursuit of employment, education, professional licensing and insurance opportunities’ ”. (People v Gallina, 110 AD2d 847, 848, supra, quoting People v Anderson, 97 Misc 2d 408, 412.)
The court, in People v Joseph W.F. (111 Misc 2d 752), was confronted with a situation in which the complainant, in a prosecution for assault in the third degree, moved pursuant to CPL 160.50, to unseal all the records relating to the defendant’s arrest and prosecution. The complainant wanted the information to determine what, if any, civil action she should take against the defendant. The court examined the need of the complainant, to determine whether the record should be unsealed. Even though Joseph W.F. dealt with CPL 160.50, the court’s analysis is useful to the case at bar. The court found that at best the complainant "may want the transcript of his *398 [the defendant’s] testimony to impeach, by inconsistent statements, any testimony he may give in her civil proceeding.” (People v Joseph W.F., supra, at 754.) The court thereafter held the complainant’s need was insufficient.
In the present case, the victims of the acts committed by J.K. are suing for civil damages. They raise three reasons for wanting the confidential court file. First, they allege that at the time of the plea, there was an indication expressed by the Assistant District Attorney, that the defendant had been involved in similar activities. Secondly, the plaintiffs claim to have been advised that the defendant had been undergoing psychiatric treatment. And thirdly, the plaintiffs state that the defendant, by his verified answer, has denied the underlying acts with which he was charged in County Court.
In regard to all the information requested, the plaintiffs have made absolutely no showing of their efforts, if any, "to obtain the desired information by other means and the alternative unavailability of such information”. (Leef v Evers, 88 Misc 2d 178, 179.) Convenience alone is not a sufficient reason for allowing youthful offender records to be exposed. (Cf., Matter of Dondi, 63 NY2d 331.)
In addition, as to the requested information regarding possible psychiatric treatment and prior similar activities, the plaintiffs have made no showing of need and relevancy. The plaintiffs’ characterization of the information as being "both pertinent and necessary” is simply that, a characterization. The plaintiffs give no support for such request. Their claim for information regarding psychiatric treatment is based upon their attorney being "advised” of such treatment, and their claim for information concerning similar activities is based upon "an indication and opinion expressed” at the time of the plea. These bases are tenuous reasons for opening confidential records.
The plaintiffs’ claim, that the confidential information is needed because the defendant has denied the underlying acts, requires additional comment. First, it should be noted that, "[a] youthful offender adjudication is not a judgment of conviction for a crime or any other offense”. (CPL 720.35 [1].) And since it is not a conviction for a crime, "it may not be shown to affect the witness’ credibility”. (People v Cook, 37 NY2d 591, 595, supra.) The plaintiffs allege that they need the records of the court because of the defendant’s denials in his answer. However, as to the plaintiffs’ direct case, there is no need for *399 the information in the confidential file, since the plaintiffs themselves can testify to the underlying acts. Therefore, the only reason the plaintiffs would need the information in the confidential file is "to impeach, by inconsistent statements, any testimony” the defendant may give in the civil action. (Cf., People v Joseph W.F., 111 Misc 2d 752, 754, supra.) In certain cases a defendant may be questioned "for the purposes of impeachment * * * as to a vicious, immoral or illegal act which constituted the basis for a prior youthful offender adjudication”. (People v Cook, 37 NY2d 591, 595, supra [emphasis added].) However, here the plaintiffs claim they need the information, not of a prior youthful offender adjudication, but in fact, information about the same youthful offender adjudication. This court has found no case in New York which has allowed youthful offender records to be opened and used for impeachment purposes in a civil action based upon the same underlying acts. And this court finds that, to allow the plaintiffs to examine and use the defendant’s youthful offender records, would defeat the purpose and intent of the youthful offender statute.
Finally, notwithstanding the possible merits of the plaintiffs’ action, this is not a case in which overwhelming public interest requires the confidentiality of a youthful offender’s court records to be pierced. (Cf., Matter of Cacchioli v Hoberman, 31 NY2d 287, supra.) The court notes that "[w]hile it is true that section 720.35 of the Criminal Procedure Law provides that the official records of a youthful offender adjudication are confidential and may not be made '* * * public * * * the statute, by its express terms, is restricted to the public records of the adjudication.” (Matter of Cacchioli v Hoberman, 31 NY2d 287, 297, supra, [Jasen, J., concurring]; emphasis added.) Therefore, even though the plaintiffs may not examine and use the confidential court records, CPL 720.35 will not prohibit the plaintiffs from using their own information obtained from other sources.
Accordingly, the plaintiffs’ motion requesting the production and examination of records of the County Court relating to the matter of People v J.K. is denied. The clerk of the court is ordered to keep this memorandum decision, short form order, and the papers upon which this motion is based, confidential pursuant to CPL 720.35.