OPINION OF THE COURT
Ira J. Raab, J.
"To unseal or not to unseal” the criminal court files of youthful offenders, "that is the question.” Applicant homeowners insurance carrier of the youths may not obtain certificates of disposition and plea allocution minutes from sealed criminal files for use in avoiding defense and indemnification in a civil action against the insured youths for negligent and willful assault and battery brought by the criminal action complainant. This is a matter of first impression.
In the within criminal proceedings, defendants John F. and Steven H. were charged with criminal offenses relating to an incident that occurred on July 2, 1994, allegedly causing injury to the complainant. The criminal actions were disposed of by youthful offender findings pursuant to CPL 720.20 (3). The court clerk duly sealed the court files pursuant to CPL 720.35 (2).
In the underlying Supreme Court civil action, the criminal court complainant, Joseph Pierse, alleges that on July 2, 1994, defendants John and Steven, and a third individual, Kevin Terwilliger, "did negligently or willfully assault, batter and injure plaintiff by repeatedly striking, punching and kicking [him] in an [sic] about his face and head.”
State Farm Fire and Casualty Insurance Company (hereinafter State Farm) issued a homeowners insurance policy and an umbrella policy, which included John and Steven, respectively, as covered persons. The policies covered accidental incidents, but not intentional acts.
Pursuant to said policies, State Farm furnished defenses to John and Steven, but reserved its rights to disclaim coverage and to terminate each defense should it determine that Pierse’s injuries were not "accidental”, as defined in the policies, but were the result of the insureds’ "intentional acts”, which are specifically excluded from coverage.
In the underlying Supreme Court action, Pierse, John, Steven, and Terwilliger testified at length at oral depositions, and subjecting themselves to extensive cross-examination, gave *542 their versions of the incident that had taken place on July 2, 1994, during a graduation party on Dogwood Avenue, West Hempstead, New York. Approximately 50 people attended the party, which was not supervised by the parents of the student in whose home the party took place.
By separate orders to show cause, consolidated for the purposes of this decision, State Farm seeks an order pursuant to CPL 720.35 (2) to unseal the two criminal court files to the extent of obtaining copies of certificates of disposition, and plea allocution minutes, in the event that the defendants entered guilty pleas. In support of its applications, State Farm cites Royal Globe Ins. Co. v Mottola (89 AD2d 907 [2d Dept 1982]) and Matter of Gannett Suburban Newspapers v Clerk of County Ct. of County of Putnam (230 AD2d 741 [2d Dept 1996]).
In his supporting affirmations, Michael M. Burkart, Esq., attorney for State Farm, states that he believes that about one month after the incident John and Steven were arrested for assault in violation of Penal Law § 120.00 (1), and that they subsequently pleaded guilty to either assault or attempted assault, either of which would be a crime and would be sufficient to establish "intent to injure”, thereby defeating coverage in the Supreme Court action.
John and Steven oppose the applications, claiming that State Farm is already aware of the incident’s details through the oral depositions of the participants in the incident; that State Farm seeks to unseal the records solely for impermissible impeachment and declaratory judgment purposes; that this is not a matter of overwhelming public or community interest; that John and Steven have not waived the protection afforded them by the sealing of the records; and that the records would not be used to the benefit of the youthful offenders in the defense of the Supreme Court action, but rather to harm the youthful offenders by defeating coverage through declaratory judgment proceedings.
Before determining whether access to the criminal court records is statutorily permissible, the court must review the youthful offender statute itself, the primary purpose behind the statute, and any exceptions that have been carved out of the statute.
CPL 720.35 provides:
"720.35 Youthful offender adjudication; effect thereof; records
"1. A youthful offender adjudication is not a judgment of conviction for a crime or any other offense * * *
*543 "2. Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency, other than an institution to which such youth has been committed * * * [or] a probation department of this state that requires such official records and papers for the purpose of carrying out duties specifically authorized by law”.
In People v Caruso (92 Misc 2d 559, 560 [Onondaga County Ct 1977]), where the court declined to apply the youthful offender law, the court noted that "the essential purpose of the youthful offender process remains unaltered: to enable a youthful wrongdoer to avoid a conviction for a 'crime’ ”. Further in its opinion, the court quoted Professor Richard G. Denzer’s comments that: " 'In appraising the scheme, one must bear in mind the aforementioned proposition that the primary purpose of the youthful offender process is avoidance of the stigma and practical consequences of a conviction for a crime’. (Emphasis added.) (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL art 720, pp 316-317.)” (Supra, at 560-561.)
In addition, the Court of Appeals stated in People v Drayton (39 NY2d 580, 584 [1976]): "The youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals.”
As such, John and Steven’s respective criminal records were sealed and the disposition of their respective cases was to be kept confidential unless access to their files was deemed statutorily permissible as stated in CPL 720.35 (2).
The courts through interpretation and application of the youthful offender law have carved out exceptions, but have also upheld the law as written. The court will now examine case law interpretations of the sealing provisions of the youthful offender law.
In Matter of Cacchioli v Hoberman (31 NY2d 287 [1972]) Judge Jasen, in a concurring opinion, noted the importance of the public interest in applying the youthful offender law. There, the issue was whether the New York City Transit *544 Authority Police Department could inquire into the youthful offender record of a police trainee. In allowing such an inquiry, Judge Jasen stated (at 294): "It would be unreasonable to interpret [the statute] as foreclosing a governmental agency, such as the Authority, from inquiring into an applicant’s prior misconduct in evaluating his fitness for employment as a police officer. The public interest requires that law enforcement officers be of impeccable character and integrity, and in order to properly determine an applicant’s character and integrity, the department should know of any prior misconduct. This rule should apply not only to law enforcement officers, but, likewise, to other sensitive public positions.”
However, in People v J.K. (137 Misc 2d 394 [Suffolk County Ct 1987]), the court ruled that plaintiffs in a civil action may not receive access to the defendant’s criminal court file when the defendant was adjudicated under the youthful offender law and the file was sealed. The court noted (at 399) that it has found "no case in New York which has allowed youthful offender records to be opened and used for impeachment purposes in a civil action based upon the same underlying acts. And * * * to allow the plaintiffs to examine and use the defendant’s youthful offender records, would defeat the purpose and intent of the youthful offender statute.”
In People v Hurd (130 Misc 2d 949, 950 [Crim Ct, NY County 1986]) Judge Lowe held that "A- sealing order is not to be taken lightly. The purpose of such an order is that upon favorable termination of a criminal proceeding, 'the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution’ (CPL 160.60).” This purpose is applicable to the interpretations of the youthful offender law.
State Farm is currently representing John and Steven in a civil action brought against them by Joseph Pierse as part of their respective insurance policies. State Farm is seeking to disclaim coverage and terminate such defense on the grounds that the injuries to Mr. Pierse were not an "accidental” happening within the meaning of the policies pursuant to which it is furnishing these defenses. State Farm seeks to prove the injuries to Mr. Pierse were the result of intentional criminal acts by John and Steven, liability for which would be specifically excluded from coverage.
This court is mindful of the economic costs involved in defending policyholders. Although State Farm believes that by *545 the terms of the insurance contract it may not be bound to defend and indemnify John and Steven, this court is bound by the terms of CPL 720.35 (2). Thus, the economic interests of State Farm must yield to the protection interests of CPL 720.35 (2).
State Farm is neither an institution to which John or Steven have been committed to nor a Probation Department of this State. It is a for-profit organization that does not have the statutory standing to have access to a sealed record of a youthful offender. This court may within its discretion release the sealed records and the court is mindful of the reasons why State Farm seeks these records. However, this court cannot ignore the statutory and policy guidelines of CPL 160.60 and 720.35 (2). The goal of restoring a youth to the status that he or she held after a successful termination of a criminal proceeding or after being adjudicated a youthful offender far outweighs any pecuniary or economic consideration that may exist.
In Royal Globe Ins. Co. v Mottola (89 AD2d 907, 908 [2d Dept 1982], supra) the Court correctly held: "[I]f the strict confidentiality of the records in question is to be broached, it must be under the language of CPL 720.35 (subd 2) authorizing disclosure upon 'specific authorization of the court’. Although the statute does not define the term 'the court’, we hold that it refers to the court which rendered the youthful offender adjudication and not to another court in which an interested party wishes to utilize records made confidential under section 720.35.” While Royal Globe is relevant to determine which court has jurisdiction to decide access to the court file, the court notes that Royal Globe only provides this court with discretion and not an obligation to provide access to the court files. In addition, the court finds that Matter of Gannett Surburban Newspapers v Clerk of County Ct. of County of Putnam (230 AD2d 741 [2d Dept 1996], supra) only provides the procedural mechanism for a party seeking access to court files, and it is not a standard that a court must follow in providing access to its files.
The standard this court applies in determining whether to unseal the criminal records of youthful offenders is that the applicant has the burden of proof by clear and convincing evidence to demonstrate that the applicant’s interests outweigh the statutorily granted protection interests of the youthful offenders.
In People v Jarnot (100 Misc 2d 988 [Buffalo City Ct 1979]) the court ruled that the record of an acquitted defendant would *546 not be sealed. The court held that the standard of proof need not be as high as "beyond a reasonable doubt” as required in a criminal proceeding, because a sealing order is a collateral proceeding. However, the court also noted that the collateral criminal proceedings have significant differences from civil proceedings that require the burden of proof to be proven by a "preponderance of the evidence”.
In People v Donner (106 Misc 2d 779, 782 [Brighton Just Ct 1980]) the court noted that while the parties stipulated that the burden of proof was to be by a "preponderance of the evidence”, the court "would have preferred that the standard of 'clear and convincing’ evidence be used.” While the court in Donner put the burden of proof on the prosecutor or the party trying to keep the criminal records from being unsealed, this court believes that the purpose and intent behind the youthful offender law requires that the burden of proof be on the party seeking that the criminal records be unsealed.
This court finds that State Farm has not proven by clear and convincing evidence that the criminal records of John and Steven are required to be unsealed. There is other evidence available to State Farm, including the oral depositions referred to above, and testimony by nonparty witnesses who attended the party.
Therefore, the court denies the motions of State Farm to have access to the sealed files of the criminal proceedings against youthful offenders John and Steven, including the certificates of disposition and the plea allocution minutes.