OPINION OF THE COURT
Louis R. Rosenthal, J.
The defendant was arrested on November 30, 1979 and charged with attempted robbery, later reduced on motion of the People to attempted grand larceny, alleged to have occurred on November 19, 1979. He moves to suppress the identification testimony arising from the photographic and lineup procedures conducted by the police. The photograph used to identify the defendant and which led to the lineup was *151 one which the People concede should have been returned to the defendant as ordered on April 18, 1979, pursuant to CPL 160.50. The motion is denied.
The issues are whether CPL 160.50 has been violated and whether such violation mandates suppression of the identification testimony as being the fruit of the poisonous tree (Wong Sun v United States, 371 US 471).
The court finds that CPL 160.50 has in fact been technically violated, but that such violation does not mandate suppression of identification testimony. CPL 160.50 was not designed to tie the hands of law enforcement officers nor was it meant to stymie lawful, creative and intelligent investigatory devices.
Unlike the facts in People v Anderson (97 Misc 2d 408) the returning of photograph in this case was not merely delayed by administrative red tape. At the time of his second arrest, it appears that the defendant’s record of his first arrest was expunged and that his official photographs were returned. However, a photo was put in a file at the 71st Precinct along with approximately 200 other photos. It was from this file that the complaining witness picked the defendant’s picture.
Assuming that CPL 160.50 has been violated, the statute was not designed to immunize a defendant from the operations of a law enforcement official’s investigatory display of a photograph.
The defendant relying on Wong Sun (371 US 471, supra) maintains that the lineup identification should be suppressed as it is an exploitation of illegal police action (the retaining of defendant Lord’s photo). The defendant, in promoting this argument, implies that there were no intervening events to purge these poisonous fruits of their illegal taint. In effect, defendant proffers that the police cannot meet any of the three tests enunciated in United States ex rel. Owens v Twomey (508 F2d 858, 865) that would establish that the controverted evidence is not fruit of the poisonous tree: "(1) [T]he evidence was discovered by an independent source; (2) the evidence is sufficiently distant in causal connection from the illegal search and seizure so that the connection has become so attenuated as to dissipate the taint; or (3) the evidence inevitably would have been gained even without the unlawful search.”
The purpose of the Judge-made exclusionary rule is to deter violations or misconduct by the police and to promote judicial integrity. "[E]vidence obtained by searches and seizures in *152 violation of the Constitution” shall be excluded (Mapp v Ohio, 367 US 643, 655; also, see Terry v Ohio, 392 US 1).
Defendant raises a Fourth Amendment violation. The photograph of defendant was taken subject to a lawful arrest. Therefore, the Fourth Amendment exclusionary rule is not applicable here. In People v Johnson (88 Misc 2d 749) a defendant was indicted from a mug shot illegally taken and retained. However, defendant’s reliance on Johnson is misplaced. In Johnson, the defendant was unlawfully detained by the police and his picture taken. Yet despite the fact that he was never arrested and that he was positively ruled out as a suspect by eyewitnesses to the crime, the police retained his photograph. Eight months later, Johnson was indicted for an unrelated robbery. The robbery victim’s identification was based solely from the earlier illegally taken mug shot.
The court suppressed the identification testimony of the robbery victim as being "fruit of the poisonous tree”. (People v Johnson, supra, p 752.) The court found the illegal investigatory seizure to be violative of the Fourth Amendment. In addition, the court held that there was a violation of the CPL because no authority exists in CPL article 160 for the police to photograph an individual without probable cause or arrest. In the case at bar, defendant was photographed pursuant to a lawful arrest on September 14, 1978. Therefore, there is no constitutional violation and the Fourth Amendment exclusionary rule does not apply.
Assuming arguendo that there is a violation of CPL 160.50 (subd 1, par [a]) in that the police did not return the photograph of the defendant as required by the statute, suppression is not the remedy. The purpose of the statute and the abuse sought to be corrected was discussed in People v Anderson (97 Misc 2d 408, 411-412, supra). The court in determining whether a lineup identification should be suppressed under a similar fact pattern found the purpose of the statute would not be served by the suppression of the identification testimony: "The broad and general purpose of the statute as evidenced by its language, the statements of the Governor and the legislators-sponsors is to protect the rights of privacy and enhance the fundamental principles of the 'presumption of innocence’ of an accused. The provisions of the statute directing the forthwith return of photos, with certain 'interests of justice’ exceptions, should be read in conjunction with CPL 160.60 and subdivision 14 of section 296 of the Executive Law. *153 A rational and logical reading of these sections shows it was designed to place a successful defendant in the same position that he occupied prior to his arrest. A compelling force for the enactment of the legislation was the removal of the 'deleterious effect of arrest records on citizens’ ’ reputations (United States v Schnitzer, 567 F2d 536, 539). The statutory scheme was intended to remove the 'stigma’ of the alleged criminal activity and its adverse affect on an accused, thereby affording protection to such accused in the pursuit of employment, education, professional licensing and insurance opportunities. (See Menard v Mitchell, 430 F2d 486.) It was never intended to immunize a defendant from the operation of a law enforcement official’s investigatory display of a photograph, albeit in contravention of statute.” (People v Anderson, supra, pp 411-412; emphasis added.)
Accordingly, defendant’s motion to suppress the complaining witness’ pretrial photographic and lineup identification and in-court identification is denied.