■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GALLINA, Appellant.

The principal issue defendant raises on this appeal is whether a photograph of him taken during a previous arrest that had resulted in a youthful offender adjudication may be placed in police investigation files of photographs that are viewed by crime victims to identify potential suspects.

On November 12, 1982, defendant was adjudicated a youthful offender for a previous incident. The instant appeal arises out of a conviction for a crime which occurred on December 9, 1982. On December 16, 1982, complainant selected a photograph of defendant from a collection of 2,000 photographs on file at the police "Central Robbery" unit as representing that of her assailant. It was stipulated that this photograph was part of the file on which defendant had been given youthful offender treatment.

CPL 720.35 (2) provides that all records relating to youthful offender adjudication "are confidential and may not be made available to any person or public or private agency" except "upon specific authorization of the court". It is conceded that court permission to use this photograph was neither sought nor granted.

Defendant argues that the placement of his photograph in the investigation files of the police department and its use in ascertaining his identity was illegal, and, therefore, that any in-court identification should have been suppressed as being impermissibly tainted by this illegality.

Such a use of a photograph for investigative purposes within the confines of the police department does not violate CPL 720.35. The purpose of this provision is similar to that of CPL 160.50, which governs terminations of criminal actions in favor of the accused, in that both provisions were "intended to remove the 'stigma' of the alleged criminal activity and its adverse affect on the accused, thereby affording protection to such accused in the pursuit of employment, education, professional licensing and insurance opportunities" (*People v Anderson,* 97 Misc 2d 408, 412). Showing the photograph to a crime victim as one of a collection of numerous photographs does not affect any of these pursuits.

Moreover, the language of these two provisions indicates that the Legislature did not intend to prohibit the investigative use of photographs taken after an arrest which resulted in a youthful-offender adjudication. Following termination of a case in

favor of the accused, CPL 160.50 specifically provides that photographs are to be returned to the accused or his attorney (CPL 160.50 [1] [a]). Other "records and papers" are to be "*sealed and not made available to any person or public or private agency*" (CPL 160.50 [1] [c]; emphasis supplied).

Section 720.35 differs from CPL 160.50 in two respects. First, it makes no distinction for the treatment of photographs.[*] Photographs in a youthful-offender case are not returned following an adjudication but remain with the agency. Second, the otherwise parallel provision for the treatment of "records and papers" in CPL 720.35 merely states that they "*are confidential* and may not be made available" (CPL 720.35 [2]; emphasis supplied). This is not a meaningless distinction. "Confidential" implies a less sweeping prohibition than "sealed" and its use implies that the internal use of a youthful-offender's photograph is not necessarily prohibited.

We regard the display of such photographs to witnesses within the confines of the agency to be such a permitted use. It has always been a legitimate function of law enforcement to identify and apprehend suspects through the use of people's appearances, photographs and likenesses. Even the public distribution and display of photographs of people never convicted of a crime is not prohibited by the Constitution (*Paul v Davis,* 424 US 693, 705-707). A fortiori, the internal use of such photographs is not either (*cf. Morrow v District of Columbia,* 417 F2d 728). We do not believe that the Legislature, in enacting the youthful-offender statute, intended to create such a prohibition (*see, People v Lord,* 104 Misc 2d 150, 151).

Defendant also urges reversal because the photograph was produced in court and used during the trial. We agree that it was error to release the photograph for such an external use without a court order (*see, Matter of Dondi,* 63 NY2d 331). However, that error was harmless. The People used the photograph only for the purposes of refreshing defendant's recollection as to whether he had a moustache at the time of the crime. No one else, including the jurors, saw the photograph, which was not put in evidence. This had no prejudicial effect.

We have examined defendant's other contentions and have found them to be without merit. Weinstein, J. P., Brown and Rubin, JJ., concur.

Eiber, J., concurs in the result only, with the following memorandum: While I concur in the result in this case, I do not agree

---

[*] While the current statute does not specifically mention photographs, it is derived from the former Code of Criminal Procedure § 913-o, which did. Thus, presumably the current provision embraces photographs as well.

with the majority's determination that the police conduct herein was in compliance with CPL 720.35. Subdivision 2 of that section unequivocally states that all records pertaining to a "case involving a youth who has been adjudicated a youthful-offender, *are confidential and may not be made available to any person or public or private agency" except "upon specific authorization of the court"* (emphasis supplied). Although I conclude that, under the circumstances of this case, the police's failure to comply with the terms of this section does not warrant suppression of the identification testimony (*see, People v Anderson,* 97 Misc 2d 408; *People v Lord,* 104 Misc 2d 150), I seek to emphasize that this result should not be interpreted as an approval of the identification procedure utilized herein which, in my opinion, was in direct contravention of the specific language of the statute.