**J.C. McCRARY, Jr., Plaintiff,**

v.

**Detective Gerald JETTER (sic), Shield No. 10 (sic), of the Nassau County Police Department; and Nassau County Police Department, Jointly, Severally, and Individually, Respectively, Defendants.**

**No. CV 85–0448 (RJD).**

United States District Court, E.D. New York.

July 29, 1987.

Richard E. O'Connell, Yost & O'Connell, Flushing, N.Y., for plaintiff.

Howard Y. Taylor, Mineola, N.Y., for defendants.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Plaintiff claims, under 42 U.S.C. § 1983, that defendants violated his Fourteenth Amendment rights when Detective Jetter had plaintiff's photograph removed from his youthful offender file in order to use the photograph for identification purposes in an unrelated criminal investigation. According to plaintiff, Detective Jetter's failure to obtain court authorization prior to retrieving plaintiff's photograph from his youthful offender file contravened N.Y. Crim.Proc. Law § 720.35(2) and deprived plaintiff of his constitutional rights. The Complaint states that the removal and use of the photograph caused plaintiff to suffer "outrage, hurt feelings and humiliation." Plaintiff seeks declaratory relief and damages.

Defendants, Detective Jetter and the Nassau County Police Department, move for summary judgment, or for a dismissal of the Complaint, on the ground that Detective Jetter did not violate Section 720.35(2) and that even if he did fail to adhere to the procedural requirements of the statute, his non-compliance did not implicate plaintiff's constitutional rights. It is unnecessary for the Court to examine any of defendants' alternative arguments because the Court concludes that plaintiff has not alleged a constitutional violation. For the reasons set forth more fully below, the Court grants defendants' motion for summary judgment on the federal civil rights claim. The Court declines to exercise its pendent jurisdiction over any state law claims based on Detective Jetter's alleged violation of the statute.[1]

The facts of this case are essentially undisputed. Plaintiff was adjudicated a youthful offender by a Nassau County court in 1977. Following the adjudication, plaintiff's records, pursuant to Section 720.35(2), were then considered "confidential" within the meaning of the youthful offender statute. Six years later, on June 15, 1983, a robbery suspect identified plaintiff as a possible participant in two unsolved robberies. Detective Jetter made a routine computer check to ascertain if plaintiff had previously been arrested in Nassau County. After receiving an affirmative reply, Jetter called the photography section of defendant Nassau County Police Department and requested a copy of the photograph.

The following day, upon receipt of the head shot, Jetter assembled a photo array which included plaintiff's picture. Witnesses to the robberies identified plaintiff from the photograph. On this basis, Jetter and other officers arrested plaintiff, brought him to the police station and placed him in

---

**1.** Section 720.35(2) does not provide a remedy for youthful offenders when materials are removed from a file without prior authorization. The issue generally arises in the context of a motion to suppress, and the courts have routinely held that a violation of the confidentiality of a youthful offender statute does not warrant suppression of the evidence. The Court has not found any cases in which a plaintiff, in a civil action, has recovered damages for a violation of the youthful offender statute.

a line-up. Plaintiff was again identified by the witnesses. Subsequently, plaintiff was charged with and convicted of two counts of Robbery in the First Degree. He is presently serving his sentence, and there is no appeal pending.

DISCUSSION

Section 720.35(2) provides, in relevant part, that all official records pertaining to a youthful offender adjudication "are confidential and may not be made available to any person or public or private agency" except where "permitted by statute or upon specific authorization of the court." According to the plain meaning of this provision, access to the contents of a youthful offender file is limited to those who fall within a statutory exception or those who obtain judicial permission. Defendants have not pointed to any statute which would have permitted Detective Jetter's intrusion. Nor have they contended that court approval was requested. Instead, defendants rely on the decision of the New York Appellate Division in *People v. Gallina*, 110 A.D.2d 847, 488 N.Y.S.2d 249 (2d Dept.1985), which held that the use of a youthful offender's photograph in a photo array viewed by crime victims to identify possible suspects did not violate Section 720.35(2) and did not taint the identification of the defendant.

It is unnecessary, however, for the Court to determine whether Detective Jetter's actions violated Section 720.35(2) because even if New York law prohibits the retrieval of the photograph without a court order, plaintiff does not have a constitutionally protected interest in the confidentiality of his youthful offender file. Although state law may give rise to a liberty or property interest protected by the strictures of the due process clause, it is well established that not all violations of state law implicate constitutional rights and create a cause of action under Section 1983. *See, e.g., Paul v. Davis*, 424 U.S. 693, 700, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976).

The Supreme Court, in *Hewitt v. Helms*, 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983), held that "a state statute may create a constitutionally protected liberty interest if it contains explicit mandatory language creating a right, and if, as a precondition to the restriction of this right, the statute provides for the use of objective criteria rather than unfettered administrative discretion." *Anderson v. City of New York*, 611 F.Supp. 481, 489 (S.D.N.Y.1985). *See also Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58 (2d Cir. 1985). In order to determine whether the violation of a state statute deprived plaintiff of his due process rights, the Court must decide if the statute conferred a substantive right on the plaintiff or if it merely created an administrative procedure from which plaintiff derived a benefit. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 250–51, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) ("The state may choose to require procedures for reasons other than protection against deprivation of substantive rights, but in making that choice the state does not create an independent substantive right."); *Slotnick v. Staviskey*, 560 F.2d 31, 34 (1st Cir.1977), *cert. denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978) ("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension.") (citations omitted).

In *United States v. Jiles*, 658 F.2d 194, 200 (3d Cir.1981), *cert. denied*, 455 U.S. 923, 102 S.Ct. 1282, 71 L.Ed.2d 465 (1982), the Third Circuit held that the statutory procedure designed to protect juveniles from having their criminal records released to the general public did not create a property interest on behalf of the youth. Although *Jiles* was decided in the context of a criminal suppression motion and is not controlling on the question of Section 1983 liability, the Court's analysis offers guidance in the civil context. Despite a showing that the Pennsylvania statute had been violated when a juvenile's photograph was used without first obtaining a court order, the unanimous panel concluded that the statutory procedures merely guaranteed an expectation of receiving process and that the defendant had failed to show that state law had created a property interest which entitled him to due process protection prior

to the release of the photograph. The *Jiles* Court noted:

> The state created a procedure to protect juveniles from having their juvenile criminal records released to the public. Within that procedure was a special safeguard requiring that a court order be secured before photographs from juvenile records are released to other law enforcement officials. This safeguard, while helpful to the state in ensuring that such records would not be released to the general public, did not create a property interest on behalf of the appellee. Law enforcement agencies were intended to have access to these records.

658 F.2d at 200.

Similarly, under the New York youthful offender statute, law enforcement agencies are able to obtain access to the files by court order, and the statute does not, in any way, circumscribe the court's discretion in authorizing the release of the files. New York law affords the youthful offender certain procedural protections, but nothing in the statute, such as the mandatory language and substantive predicates described in *Hewitt*, 459 U.S. at 471–72, 103 S.Ct. at 871–72, suggests that the state has created a protected liberty or property interest.

*Anderson v. City of New York*, 611 F.Supp. at 481, provides a useful contrast to *Jiles* and the case presented here. In *Anderson*, the plaintiff brought a Section 1983 action alleging that the police violated his civil rights when they used his photograph for identification purposes even though they had been ordered to release the photograph after a prior criminal proceeding terminated in his favor. The court denied summary judgment on the ground that it was a question of fact whether the use of the photo resulted in defendant's identification and arrest in a subsequent crime of which he was eventually acquitted. The court focused on N.Y.Crim.Proc. Law § 160.50, which requires the return of photographs, photographic plates or proofs, palmprints and fingerprints when a criminal proceeding is terminated in favor of the accused. The court found that, un-

like the statute in *Jiles*, the defendant was granted a constitutional entitlement to the return of records and not just the expectation of receiving process. The language of Section 160.50 is mandatory: the materials must, pursuant to court order, be returned to the accused or his attorney unless the district attorney or the court makes a motion to retain the records "in the interests of justice;" the notice of motion must be in writing and it must be received five days in advance of the hearing; the court must state its reasons for granting the motion on the record; and the defendant must be afforded an opportunity to be heard. N.Y. Crim.Proc. Law § 160.50. On this basis, the *Anderson* court concludes that despite the flexibility of the interests of justice standard, the court's discretion is not unfettered.

In contrast, the procedural requirements of Section 720.35 merely bar the removal of the items in a youthful offender file without statutory or judicial authorization. Admittedly, the underlying purpose, preventing the release of the materials to the general public in order to protect the young offenders, is the same, but the greater statutory protection afforded those who are acquitted distinguishes the *Anderson* case. The expungement and sealing orders pursuant to Section 160.50 are mandatory, and some limits are placed on the judge who determines whether to retain the record.

The provision in the case at bar does not contain any standards governing or restricting the court's exercise of discretion in the release of the records. None of the substantive limitations on official discretion found to be so important by the Supreme Court in *Hewitt* and *Olim* is present. *See, e.g., Hewitt v. Helms*, 459 U.S. at 471–72, 103 S.Ct. at 871–72; *Olim v. Wakinekona*, 461 U.S. at 249–50, 103 S.Ct. at 1747–48 ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). There is no requirement of notice or a court hearing prior to the release of the youthful offender records; the plaintiff has no justifiable expectation that the file will remain confi-

dential because there are no restrictions on the court's ability to release the records; and the records can be released when specifically required or permitted by another statute.

Plaintiff does not directly address the issue of whether state law has, according to the rulings of the Supreme Court, created a liberty or property interest. Instead, plaintiff argues that his constitutional right of privacy was violated when his picture was removed without authorization from his youthful offender file. However, the amorphous right of privacy has not been applied in this context. *See Herschel v. Dyra,* 365 F.2d 17, 20 (7th Cir.), *cert. denied,* 385 U.S. 973, 87 S.Ct. 513, 17 L.Ed.2d 436 (1966) (the retention of records after dismissal does not violate accused's constitutional "right of privacy"). *See also Paul v. Davis,* 424 U.S. at 713, 96 S.Ct. at 1166 (public disclosure of arrest for shoplifting charge that had been dropped is not analogous to substantive privacy decisions). Plaintiff's federal civil rights claim does not fall within the "zones of privacy" recognized by the Supreme Court. This case does not touch upon those areas which have been found to involve the right of privacy, such as an unreasonable search or matters relating to marriage, procreation, contraception, family relationships, child rearing or education. *Id.*

The possibility that the alleged statutory violation caused plaintiff to be arrested, indicted, tried and convicted on the criminal charges has not been shown to implicate a constitutional right. Without state regulations, which, through the use of mandatory language and substantive predicates, create a protected liberty or property interest, plaintiff's allegations do not support a federal claim for relief under Section 1983.

Defendants' motion for summary judgment is granted.

SO ORDERED