■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIK GARCIA, Appellant. [782 NYS2d 32]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered June 20, 2001, as amended December 15, 2003, convicting defendant, upon his plea of guilty, of robbery in the first degree, robbery in the second degree (two counts), criminal use of a firearm in the first degree and grand larceny in the second degree, and sentencing him to concurrent terms of 6½ years, 3½ years, 3½ years, 5 years and 1 to 3 years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. Nassau County police matched a latent fingerprint recovered from a crime scene with defendant's fingerprint which was on file in a central fingerprint registry. This led them to identify, locate and arrest defendant, who subsequently confessed to the instant New York County crimes. Defendant argues that since the fingerprint on file resulted from an arrest which resulted in youthful offender treatment, the use of that fingerprint violated the confidentiality provisions of CPL 720.35 (2), and further argues that he was thus entitled to suppression of all evidence derived from that violation.

At the outset, we note that the investigating officers did not actually access defendant's confidential youthful offender file. Rather, they used fingerprints already in a readily accessible central registry. In any event, even assuming, without deciding, that the investigatory use of this fingerprint without court authorization violated the youthful offender statute (*but see People v Morris*, 220 AD2d 808 [1995], *lv denied* 87 NY2d 976 [1996]; *People v Gallina*, 110 AD2d 847 [1985], *lv denied* 65 NY2d 694 [1985]), suppression is not required. We conclude that a violation of the confidentiality provisions of CPL 720.35, like a violation of the sealing provisions of CPL 160.50, "does not implicate constitutional considerations" and therefore does not warrant the sanction of suppression (*People v Patterson*, 78 NY2d 711, 716 [1991]; *see also People v Torres*, 291 AD2d 273 [2002]; *lv denied* 98 NY2d 681 [2002]; *McCrary v Jetter*, 665 F Supp 182, 186 [ED NY 1987]). We further conclude that there are no other factors requiring suppression in this case (*see People v Patterson*, 78 NY2d at 717-718).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.