THE PEOPLE OF THE STATE OF NEW YORK, Respondent. *v.* SALVATORE CAPUANO, Appellant.

Fourth Department, February 22, 1962.

*Harold Cohen* for appellant.

*John J. Conway, Jr.,* and *John Mastrella* for respondent.

*Per Curiam.* Appellant was indicted with two others, Mojica and Tribunella, charged with attempted robbery, attempted grand larceny, and assault, first degree. It was the contention of the People upon the trial of appellant and Tribunella that the three defendants planned and that Mojica and appellant undertook to rob one Kreiger, who operated a junk yard in the City of Rochester.

In some undisclosed manner the police were forewarned of the planned crime. In the ensuing debacle Mojica was shot and captured. He was permitted, prior to the trial of appellant, to plead guilty to attempted grand larceny. After the trial he received a suspended sentence. He was one of the principal witnesses for the People at the trial. The indictment was dismissed as to Tribunella at the close of the People's case on the ground that there was insufficient corroboration, as a matter of law, of the testimony of the accomplice, Mojica.

Grievous errors in rulings of the trial court that limited cross-examination of the accomplice and errors in the charge require a new trial. The trial court by its rulings prevented appellant's counsel on cross-examination of the accomplice from bringing out any fact as to his past except that he had been convicted of a '' crime ''. The prosecutor by objection prevented further exploration as to the nature of the crime or crimes of which the witness had been so convicted.

The general rule is, of course, that '' a party may interrogate his opponent's witness, including a defendant in a criminal case, as to any criminal, vicious or disgraceful acts in his life, for the purpose of impeachment ''. (2 Ford, Evidence, § 147, p. 726; 3 Wigmore, Evidence [3d ed.], § 981; *People* v. *Sorge,* 301 N. Y. 198, 200, 201.)

But even more grievous were the further rulings that limited cross-examination of this accomplice. Thus, he was asked if he hoped '' to get any benefit from testifying ''. The prosecutor's objections to this and a similar question were sustained. The prosecutor then asked that '' counsel be instructed to refrain

from asking it ''. Finally, after the witness was asked if he was out on bail and objection thereto was sustained the subject was abandoned.

It has been written that '' [t]he reasons which have led to [the] distrust of an accomplice's testimony are not far to seek. He may expect to save himself from punishment by procuring the conviction of others.'' (7 Wigmore, Evidence [3d ed.], § 2057.) Thus a conviction may not stand when an accomplice denies that there is '' any consideration '' in return for his testimony and the prosecutor with knowledge to the contrary remains silent. (*People* v. *Savvides,* 1 N Y 2d 554.) There it was said (p. 557) : '' It requires no extended discussion, however, to establish that the existence of such a promise might be a strong factor in the minds of the jurors in assessing the witness' credibility and in evaluating the worth of his testimony.'' (See, also, *People* v. *Mangi,* 10 N Y 2d 86; *People* v. *Zimmerman,* 10 N Y 2d 430.) The rulings of the trial court upon the trial herein foreclosing all exploration of the subject was patent error.

Further error was committed in permitting the District Attorney on cross-examination of appellant's witness, Sigismondi, to suggest by a leading question that the latter had told a third party that appellant had told the witness that he (appellant) had sustained powder burns from a bullet but the police failed to find the burns. The statement, if made by appellant to Sigismondi, might have been proved by the testimony of the latter as being in the nature of an admission against interest. The question as propounded was not only improper but highly prejudicial. The denial of the witness that he had made the statement did not erase the harm that had been done.

Inasmuch as a new trial is required we advert to certain errors and inadequacies in the charge. The jury should have been instructed that the necessity for the corroboration of the testimony of an accomplice is something more than a rule of law enunciated by the courts but is also a statutory mandate. (Code Crim. Pro., § 399.) Moreover, the court should have charged, as requested, that the required corroborative testimony was insufficient if it tended only to establish the credibility of the accomplice; that such testimony must not depend for its weight and probative value upon the testimony of the accomplice and that testimony of an accomplice of mere association of appellant with the perpetrators of the crime antecedent to its commission was insufficient. These requests followed well-established principles on the subject (*People* v. *Kress,* 284 N. Y. 452, 460).

The judgment of conviction should be reversed and a new trial granted.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and McCLUSKY, JJ., concur.

Judgment of conviction unanimously reversed on the law and facts and a new trial granted.