■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v L. T. BUCHANAN, Appellant.—Appeal from a judgment of the Albany County Court, rendered July 21, 1976, upon a verdict convicting defendant of assault in the second degree and criminal possession of a weapon in the second degree. Dewey Washington was shot in the thigh on the evening of February 13, 1976. He testified that the defendant shot him at the Red Rooster Restaurant following a game of pool. Defendant denied this and claimed Washington staggered into the building already wounded. The defendant drove Washington to the hospital where he was questioned by police but refused to identify his assailant. Two days later he swore out a complaint against the defendant. Several times between the complaint and trial he attempted to have the charges dropped. The defense produced several witnesses (all friends of the defendant) to support the defendant's story. No weapon or other physical evidence was produced, so the sole issue for the jury was credibility. The jury had difficulty agreeing, and the deliberations were lengthy and acrimonious.* Washington's extensive criminal record was brought out on cross-examination, as was his vacillation in identifying the defendant. Washington was also forced to admit he was on probation on the day of the shooting incident. However, the trial court refused to permit defense counsel to inquire into the terms of probation or to subpoena the written terms from the probation department. Neither was counsel allowed in his summation to allude to Washington's probationary status. On appeal defendant seems to argue that Washington's probation constituted a motive to falsely accuse him since the wound was probably received in the course of some activity which was a violation of probation. It was therefore necessary for Washington to place the blame on someone. The People respond that this is no motive for him to single out Buchanan. It does seem unlikely that Washington, assuming he was shot outside the restaurant in the course of violating probation, would come into the restaurant, be driven to the hospital by the defendant, and then two days later identify him as the assailant. Washington could have, with considerably less

---

* After some 10 hours of deliberation, and some two hours before the guilty verdict was reached, a juror sent a note to the court saying she thought the evidence was inadequate but that she was being ridiculed by the other jurors for holding out.

trouble, told police he had been shot on the street by an unknown person who had fled. However, the defense should nevertheless have been given the opportunity to fully explain Washington's probation to the jury. A defendant in a criminal case may show that the prosecution's witness is an accomplice in the crime charged or is under indictment *(People v Capuano,* 15 AD2d 400; Richardson, Evidence, [10th ed], §§ 503, 504; 3A. Wigmore, Evidence, [Chadbourn rev, 1970], § 967; cf. *People v Mangi,* 10 NY2d 86; *People v Savvides,* 1 NY2d 554). The Wigmore treatise makes clear that the rule applies not only to an accomplice, but also a witness under indictment for a crime unrelated to that with which the defendant is charged—"It bears against a witness' credibility that he is an *accomplice* in the crime charged and testifies *for the prosecution;* and the *pendency of any indictment* against the witness indicates indirectly a similar possibility of his currying favor by testifying for the state" (3A Wigmore, Evidence § 967). Washington's probation made him similarly vulnerable to police pressure, especially since several of his activities on the day of the shooting may have violated his probation. It was error to prevent the defense from fully presenting to the jury the question of whether Washington was co-operating with the People in order to retain his freedom (see *Davis v Alaska,* 415 US 308). As noted above, the People's case depended entirely on Washington's credibility. The error, blocking one of the proper methods for attacking that credibility, cannot be said to have been harmless *(People v Crimmins,* 36 NY2d 230, 241). Judgment reversed, on the law, and a new trial ordered. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.