Raymond E. Aldrich, Jr., J.
Defendant moves for an order pursuant to CPL 160.50 and 160.60 for an order directing the return to him of all photographs, plates and proofs and all palmprints and fingerprints taken of him, and the sealing of all records and papers in regard to his proceedings under the above-entitled two indictments, alleging that upon his sentence on September 19, 1974 upon his plea of guilty to the crime of criminal possession "of a controlled substance (marijuana) in the seventh degree under Indictment No. 56/1974 to cover both indictments, he was adjudicated a youthful offender and sentenced to an unconditional discharge, and the proceedings therefore were terminated in his favor.
The District Attorney opposes the motion contending that youthful offender treatment is not a termination of a proceeding in favor of a defendant under CPL 160.50 (subd 2) but rather the relief sought is covered by CPL 720.35 which requires that all official records and papers be sealed and not made available to any person or public or private agency except where specifically required by statute or upon specific authorization of the court.
The provisions of CPL 160.50 which provide for the ex-pungement of arrest records and identification information obtained therefrom upon the termination of a criminal action in favor of the accused do not permit the relief sought by defendant. The circumstances under which such relief is to be afforded, namely, the termination of the proceeding in favor of the accused, has been defined by CPL 160.50 (subd 2) in seven classifications which include specified and varied dismissals of accusatory instruments, acquittal or vacation of judgment. No provision is made under that subdivision for a proceeding terminated by a youthful offender adjudication, nor did the Legislature by a general savings clause permit the courts, in their discretion, to grant relief in an instance where relief was not specifically provided for.
It is an elementary rule of statutory construction that when the Legislature has defined words which are employed in a statute, such definition is binding on the courts, as the Legislature has the right to give such signification as it deems proper to any word or phrase used by the statute, irrespective of the relationship of the definition to other terms (McKinney’s Cons Laws of NY, Book 1, Statutes, § 75, subd b; *241 Matter of Shlakman v Board of Higher Educ., 306 NY 532, revd on other grounds sub nom. Slochower v Board of Educ., 350 US 551; Stoike v First Nat. Bank, 290 NY 195; Bolivar v Monnat, 232 App Div 33).
While a conviction is deemed vacated and replaced by a youthful offender finding upon such youthful offender adjudication, and a defendant receives the benefits of being accorded special and favorable treatment in the discretion of the sentencing Judge in the interest of justice, it must be remembered that the proceeding is not thereby terminated for it continues for sentencing purposes. A youthful offender may be sentenced as any similarly convicted person except that an indeterminate term may not be imposed exceeding four years, and such person would serve his sentence whatever it may be. Perhaps these are the reasons the Legislature did not include youthful offender adjudication as the eighth classification of CPL 160.50 (subd 2). The court also notes that under the former Code of Criminal Procedure similar relief was denied (People v Havern, 43 Misc 2d 430).
As the statute does not define an adjudication of a youthful offender as the termination of a proceeding in favor of an accused, the relief sought pursuant to CPL 160.50 and 160.60 must be denied.