OPINION OF THE COURT
Joseph M. Lane, J.
On June 13, 1980, after a non jury trial, the defendant was convicted of harassment (Penal Law, § 240.25) and received a conditional discharge (CPL 410.10; Penal Law, §§ 65.05, 65.10). That on September 11, 1980, the defendant brought on a motion before this court requesting sealing of this violation (Penal Law, § 240.25) by the Division of Criminal Justice Services (CPL 160.55, subd 1, par [c]), and return to the defendant of all photographs, photographic plate or proof and/or palmprints and fingerprints taken of said defendant by the Division of Criminal Justice Services and by any police department or law enforcement agency, and for return of any copies of same furnished to any agency of the United States or any other State. This motion was based on recently enacted CPL 160.55 (subd 2; eff Sept. 1, 1980) providing for sealing of convictions for *402 violations and traffic infractions occurring prior to September 1, 1980. Subdivision 1 of the statute provides for sealing of convictions for violations and traffic offenses occurring subsequent to September 1, 1980. By its decision dated September 11,1980, this court denied the defendant’s original motions to seal the violation based on its determination that CPL 160.55 (subd 2) was intended to apply only to traffic infractions. This interpretation is gleaned from that part of the section reading: “or of a traffic infraction prior to the effective date of this section”. Because the language contained therein appeared at odds with the first sentence of subdivision 2 which specifies both violations and traffic infractions as being included in the law, the court granted permission to reargue the motion denying the sealing of the violation (CPL 240.25).
While a statute must be strictly construed, it must be, nonetheless, interpreted in the light of the legislative intent.
The Appellate Division, Third Department, has cogently observed: “A statutory enactment must be read in the light of its history and purpose (Matter of Frasch, 245 N.Y. 174, 180). The words of a statute are to be construed with reference to the subject matter and the object sought to be obtained and that construction is to be preferred which furthers the object, spirit and purpose of the statute. (McKinney’s Cons. Laws of N.Y. Book 1, Statutes, §96).” (Schuyler v South Mall Constructors, 32 AD2d 454, 455).
On closer examination, it appears that it was the intent of the Legislature to include in subdivision 2 both convictions for violations and traffic offenses. The first sentence of subdivision 2 clearly lists these two types of noncriminal offenses as covered by the statute, other than a violation of loitering as described in CPL 160.10 (subd 1, pars [d], [e]). The confusion arises by the next clause which contains the traffic infraction quotation set forth above. Standing alone, it appears to give the impression that the statute was only intended to cover “traffic infractions” occurring prior to September 1, 1980. But when read in conjunction with the entire paragraph (subd 2), it is readily apparent that the statute applies to both violations and traffic infractions. To read any other conclusion would act to nullify *403 the intention of the Legislature to permit the sealing of convictions for noncriminal offenses in order not to stigmatize a person with a record for minor involvement with the law.
The court finds that the clause “or of a traffic infraction prior to the effective date of this section”, as contained in CPL 160.55 (subd 2) is surplusage. It is a redundant expression which has no legal significance. Defendant’s counsel in his affirmation on reargument dated September 16, 1980 has included a copy of a letter from Honorable Vincent F. Nicolosi, Assemblyman, 25th District, one of the main sponsors of the bill. Assemblyman Nicolosi confirms that the inclusion of “traffic infraction” for a second time in subdivision 2 is surplusage, noting that it is intended (by the Legislature) that this subdivision be retroactive as to traffic infractions and all violations except loitering as described in CPL 160.10 (subd 1, pars [d], [e]). The Assemblyman advises in his letter that when the Legislature returns to session in January (1981) or sooner, CPL 160.55 will be amended to delete the words “traffic infraction that appear on lines 36 and 37 of the bill” (CPL 160.55, subd 2).
The People’s position in opposition is to the effect that the violation should not be sealed at this time, since the one-year period for the conditional discharge (Penal Law, § 65.05) has not yet expired. However, the court finds this argument without merit. Insofar as it is not the intent of the statute (CPL 160.55) that court records be sealed, but only the records of the Division of Criminal Justice Services and the police department or any law enforcement agency, the court’s record of the conditional discharge, or any enforcement of terms thereof, would be unaffected by the sealing herein.
Accordingly, the decision of the court dated September 11, 1980 denying sealing of the conviction for the violation of harassment (Penal Law, § 240.25) is hereby vacated. The motion on reargument is granted directing the sealing of the violation (Penal Law, § 240.25) by the Criminal Justice Services. The Division of Criminal Justice and the police department or any law enforcement agency shall *404 return to the defendant all photographs, photographic plates, palmprints and/or fingerprints in its possession or under its control, and said agencies shall request any agency of the United States to which copies were forwarded to return same.