■ The People of the State of New York, Respondent, v

CHRISTOPHER BATTEE, Appellant.—Judgment unanimously affirmed. Memorandum: None of the issues raised on appeal by defendant has merit and only one requires comment. Prior to trial, defendant requested all *Brady* material *(see, Brady v Maryland,* 373 US 83), including any evidence of drug-related activity of one of the victims or at that victim's place of business. In response, the People supplied defendant with the three victims' criminal records showing no drug-related instances, and further informed defendant that no *Brady* material existed. Defendant's posttrial motion to set aside the jury's verdict on the ground that the People failed to supply him with such *Brady* information was properly denied without a hearing since defendant failed to meet the requirements for that relief *(see,* CPL 330.30 [3]; *People v Salemi,* 309 NY 208). The information sought by defendant did not qualify as *Brady* material. Absent a connection to the crime charged, it was collateral and it was not otherwise the kind of material required by the courts to be supplied to defendant for use to impeach a witness *(see, United States v Bagley,* 473 US 667; *Giglio v United States,* 405 US 150). (Appeal from judgment of Erie County Court, Wolfgang, J.—robbery, first degree [three counts].) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.