OPINION OF THE COURT
Richard D. Huttner, J.
In a case of apparent first impression in this jurisdiction, defendant moves for an order to unseal and make available for defense counsel’s inspection the sealed youthful offender adjudication file of the complaining witness. Defendant seeks access to the file in order to cross-examine the witness as to his credibility.
*225 The complainant alleges that on June 2, 1986, at 1:00 a.m., defendant shot him in the back. The witness had previously pleaded guilty to the commission of burglary in the second degree while armed with a weapon. This conviction was deemed vacated, a youthful offender adjudication was substituted for the conviction, and the witness was sentenced to a five-year term of probation. At the time he was shot, the witness was in violation of the curfew imposed as one of the conditions of his probation.
The purpose of CPL 720.35, which narrowly limits access to the records of persons adjudged youthful offenders, is to protect such persons from the stigma and consequences normally attendant upon a criminal conviction (People v Cook, 37 NY2d 591, 595 [1975]). It is well settled under New York law that the illegal or immoral acts underlying a defendant’s youthful offender or juvenile delinquency adjudication, which may have a bearing on his credibility, may be the subject of a pretrial Sandoval ruling, and may be brought out on cross-examination so long as the cross-examiner does not elicit the adjudication itself (People v Greer, 42 NY2d 170, 176 [1977]; People v Duffy, 36 NY2d 258, 264 [1975], remittitur amended 36 NY2d 857 [1975], cert denied 423 US 861). However, the Sandoval procedure is not applicable to witnesses who are not defendants (People v Ocasio, 47 NY2d 55, 59 [1979]). Nevertheless, with respect to witnesses who are not defendants, a trial court may entertain an application in limine on the permissible scope of cross-examination concerning a nonparty’s prior misdeeds (supra). Accordingly, this court must now determine whether the salutary purposes embodied in the State’s policy of protecting the reputation of youthful offenders should yield where such policy conflicts with a criminal defendant’s constitutional right of confrontation.
At the outset, it is noted that by its own terms CPL 720.35 does not afford complete anonymity to any person adjudged a youthful offender. Moreover, a youthful offender is not entitled to the same protection afforded an accused upon the termination of a criminal action in his favor (CPL 160.50; see, People v Dugan, 91 Misc 2d 239 [Dutchess County Ct 1977]). Implicit in the Legislature’s less than comprehensive protection of youthful offenders’ reputations, then, is the recognition that while confidentiality should obtain under most circumstances involving youthful offender adjudications, confidentiality is not an absolute right.
*226 In Davis v Alaska (415 US 308 [1974]), the United States Supreme Court held that the defendant had the right to show that a prosecution witness who was on probation was biased because of his vulnerable status, and that he may have tailored his testimony out of concern that his probation status would be jeopardized. A similar factual situation is presented in the case at bar, in view of the witness’ own probation status.*
In view of the foregoing, this court holds, as did the Supreme Court in Davis v Alaska (supra, p 319), that an accused’s right of confrontation is paramount to the State’s policy of protecting youthful offenders, and that whatever temporary embarrassment might result to this prosecution witness and his family by disclosure of his record, is outweighed by the defendant’s right to probe the witness’ credibility and motivation (see also, People v Buchanan, 57 AD2d 686 [3d Dept 1977]). Thus, to the extent that the underlying acts of the witness’ youthful offender adjudication and his probation status may cast doubt upon his veracity, they may be elicited on cross-examination. Accordingly, the youthful offender file of the complaining witness herein is to be unsealed to afford defense counsel an opportunity to learn the underlying facts. The record is then to be resealed and counsel is directed not to question the witness as to the fact of the adjudication itself.

 Federal Rules of Evidence, rule 609 (d) (in 28 USC, Appendix) provide that evidence of juvenile adjudications is generally not admissible. However, in a criminal case the court may allow evidence of a juvenile adjudication of a witness other than the accused, if conviction of the offense would be admissible to attack the credibility of an adult, and if the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.