■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAROLEE DOZIER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered January 31, 1984, convicting him of rape in the first degree, sodomy in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The reduced photocopy of an arrest record of the defendant on the back of a photograph viewed by the complainant during her photographic identification of the defendant was not suggestive, as the complainant did not view the back of the photograph. Therefore, suppression of the subsequent

lineup viewed by the complainant is not warranted *(see, People v Mason,* 123 AD2d 720, *lv denied* 69 NY2d 714).

Although the photograph used in that photographic identification should have been returned to the defendant pursuant to the provisions of CPL 160.50 (1) (a), the use of the photograph does not require the suppression of the complainant's identification of the defendant. The cited statute was part of a legislative package whose purpose was to remove the stigma of alleged criminal activity from an accused who was acquitted by a court or against whom the charges were dismissed and to restore the former defendant to the status he occupied before the arrest and prosecution *(see,* L 1976, ch 877; *People v Gallina,* 110 AD2d 847, 848; *People v Anderson,* 97 Misc 2d 408, 412), and was not intended to "immunize a defendant from the operations of a law enforcement official's investigatory display of a photograph" *(People v London,* 124 AD2d 254, 255, *lv denied* 68 NY2d 1001; *see also, People v Anderson, supra,* at 412).

Finally, the issue of the trial court's failure to give the jury an alibi charge was not preserved for appellate review and we do not reach it in the interest of justice in light of the strong evidence of the defendant's guilt and the thorough instructions given by the trial court that the defendant's guilt as to each and every element of the crimes had to be proved beyond a reasonable doubt *(see, People v Perez,* 127 AD2d 707; *People v Colon,* 122 AD2d 151, *lv denied* 68 NY2d 810). Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.