■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK GILBERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 17, 1985, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Neither dismissal of the indictment nor suppression of the identification testimony is required because the police identified the defendant through the use of fingerprints that should have been sealed pursuant to CPL 160.50. As this court has recently stated, CPL 160.50 "was part of a legislative package

whose purpose was to remove the stigma of alleged criminal activity from an accused who was acquitted by a court or against whom the charges were dismissed and to restore the former defendant to the status he occupied before the arrest and prosecution *(see,* L 1976, ch 877; *People v Gallina,* 110 AD2d 847, 848; *People v Anderson,* 97 Misc 2d 408, 412)" *(People v Dozier,* 131 AD2d 587, 588). It was not designed to immunize a defendant from the operations of a law enforcement official's investigatory use of fingerprints *(see, People v Dozier, supra; People v London,* 124 AD2d 254, *lv denied* 68 NY2d 1001).

The court's charge on intoxication was not confusing and conveyed the proper burden of proof to the jury. The court was not required to instruct the jury that the People bore the burden of disproving intoxication beyond a reasonable doubt.

The interest of justice does not warrant a reduction of the sentence imposed upon the defendant. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.