OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the People, pursuant to the case of Brady v Maryland (373 US 83) for direction as to how they should proceed when they are aware of a conviction for a violation of a prosecution witness which has been sealed.
The defendant has been charged with three counts of assault, first degree, and three counts of criminal possession of a firearm, second degree, for allegedly firing a handgun which resulted in serious physical injuries to three individuals. The paramount issue at the trial will be the identification of the perpetrator, and one of the witnesses who will identify the *329 defendant was convicted of the violation of harassment. Since the witness’s criminal action was terminated by conviction for a noncriminal offense, his record was sealed by virtue of CPL 160.55 (1) (c) (see, People v Byrne, 105 Misc 2d 401).
CPL 160.55 provides in pertinent part as follows: "1. Upon the termination of a criminal action * * * against a person by the conviction of * * * a violation” the court shall enter an order directing that "(c) all official records * * * relating to the arrest or prosecution * * * shall be sealed and not made available to any person or public or private agency”.
The prosecutor obtained this information, not from the sealed court record, but from the files in the District Attorney’s office.[1] He suggests that because of the sealing requirement of that section, he is entitled to withhold the fact of the witness’s harassment conviction from the defendant.[2] The prosecutor advised the court of the existence of this material at an in camera proceeding prior to trial.
The law is clear that a defendant has a constitutional right to be apprised of evidence favorable to him, and it is incumbent upon the prosecutor to ensure that exculpatory evidence, including that which is relevant on the issue of credibility, be turned over to the defendant (People v Novoa, 70 NY2d 490; People v Howard, 127 AD2d 109, lv denied 70 NY2d 648). A witness’s conviction for a violation and the act underlying that violation may be properly used by a defendant to impeach a witness’s credibility (People v Dillon, 157 AD2d 742; People v Blanchard, 150 AD2d 705; People v Guarino, 131 AD2d 875).
Thus, this information concerning the witness’s conviction for a violation must be made available to the defendant, unless a different result is mandated by CPL 160.55 (1) (c).
Although there is no case law interpreting this facet of CPL 160.55, guidance in this area may be elicited from the cases decided under CPL 160.50 as the language of both sections is very similar.[3]
CPL 160.50 (1) (c) provides in pertinent part as follows: *330 "Upon the termination of a criminal action * * * against a person in favor of such person * * * the court * * * shall enter an order * * * directing that * * * (c) all official records * * * relating to the arrest or prosecution * * * be sealed and not made available to any person or public or private agency”.
The cases relative to this section are unanimous in holding that its purpose is to remove the stigma of alleged criminal activity from a defendant who was acquitted or against whom a charge was dismissed and not to immunize a defendant from the investigation of a crime by the police (People v Gilbert, 136 AD2d 562; People v Dozier, 131 AD2d 587; People v London, 124 AD2d 254, lv denied 68 NY2d 1001). So, neither dismissal of an indictment nor suppression of identification testimony is required because the police identified the defendant through the use of fingerprints which should have been sealed (People v Gilbert, supra) or through the use of a photograph which should have been returned to the defendant (People v Dozier, supra; People v London, supra; People v Anderson, 97 Misc 2d 408).
Guidance in this area may also be provided by the cases decided under CPL 720.35 (2), as this section also involves the confidentiality of criminal records.[4]
CPL 720.35 (2) provides in pertinent part as follows: "all official records * * * relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency”.
People v Gallina (110 AD2d 847), which involved CPL 720.35 (2), was relied upon by People v Gilbert (supra) and People v Dozier (supra) both of which involved CPL 160.50. That case both noted the comparison between CPL 720.35 and 160.50 and the differences between the two sections. However, it reached the same result as Gilbert and Dozier by refusing to suppress the identification of the defendant, although the complainant identified him from a photograph in the defendant’s youthful offender file, and court permission for its removal had been neither sought nor granted. In People v Scott (134 Misc 2d 224), the court granted the defendant’s application to unseal the sealed youthful offender file of the *331 complainant,[5] so that his credibility might be impeached by the underlying facts of the youthful offender adjudication.[6]
The terminology of CPL 160.55 (1) (c) and CPL 160.50 (1) (c) is almost identical, and the language of CPL 160.55 (1) (c) and CPL 720.35 (2) relating to confidentiality is comparable, so the cases decided under CPL 160.50 (1) (c) and CPL 720.35 (2) demonstrate that CPL 160.55 (1) (c) does not constitute authority for the nondisclosure of this witness’s conviction for harassment to the defendant.
In sum, the right of this defendant to impeachment material pursuant to the case of Brady v Maryland (supra) outweighs the right to privacy afforded to this witness pursuant to CPL 160.55 (1) (c).
After making this determination, the court devised the following procedure to effectuate the same: It examined the contents of the District Attorney’s file relating to the witness’s conviction in camera; it prepared a synopsis of all the information which was sufficiently detailed for effective cross-examination;[7] it prepared a second synopsis of another prosecution witness regarding an incident which could be considered a prior bad act for impeachment purposes;[8] it presented this document to the prosecutor in camera to consider any objections or modifications he might offer; and prior to the trial it stated on the record this procedural history, marked the document as a court exhibit and presented it to the defendant’s attorney.

. People v J. K. (137 Misc 2d 394), which concerned CPL 720.35 (2), the youthful offender confidentiality section, held that the court lacks the authority to order the District Attorney to open its files in this regard.

. People v Arrellano (150 Misc 2d 574) assumes that the District Attorney would not voluntarily turn over the fact of a witness’s violation conviction because it is not a criminal conviction.

. People v Arrellano (150 Misc 2d 574) refers to these two sections in the same mode.

. This section has been somewhat compared to CPL 160.50 (People v Scott, 134 Misc 2d 224).

. The defendant here could make no such application because he was unaware of the witness’ sealed criminal record. People v Arrellano (150 Misc 2d 574) suggests a procedure defense attorneys should follow in these situations.

. People v Rahming (26 NY2d 411) and People v Vidal (26 NY2d 249) permit a defendant to he cross-examined as to the acts constituting the basis for his youthful offender adjudication.

. The entire file was not turned over to the defendant’s attorney because it contained extraneous material.

. Lawrence v City of New York (118 AD2d 758), a case which related to Civil Rights Law § 50-a, seems to furnish authority for this additional disclosure.