OPINION OF THE COURT
Richard Lee Price, J.
I
Defendant’s motion for an order pursuant to CPL 720.35 (2) to unseal the court’s file in the case of People v Morton is decided in accordance with the following decision.
CPL 720.35 (2) states that: "Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency, other than an institution to which such youth has been committed, the division of parole and a probation department of this state that requires such official records and papers for the purpose of carrying out duties specifically authorized by law.” Neither defendant nor the People have set forth any statute or authorization by the court which issued the youthful offender (Y.O.) adjudication to allow for the unsealing of the court file of this complainant witness’ Y.O. adjudication. (See, Matter of Dorothy D., 49 NY2d 212 [1980].) The defendant requests this information to "learn the underlying facts”, yet sets forth certain factual allegations: that this witness was arrested on January 25, 1990 and charged with criminal possession of a weapon in the third degree, in that he was alleged to have possessed a loaded .32 caliber gun. Subsequently, the witness pleaded guilty to that charge and was adjudicated a youthful offender, and received five years’ probation.
The defendant also seeks the presentence investigation report, and the minutes of the witness’ plea allocution.
A youthful offender adjudication is not a judgment of conviction for a crime or any other offense (CPL 720.35 [1]).
Youthful offender adjudication is to avoid the stigma and practical consequences which accompany a criminal convic *279 tian. (See, People v Cook, 37 NY2d 591, 595 [1975], citing People v Shannon, 1 AD2d 226, 231 [2d Dept 1956], affd 2 NY2d 792 [1956]; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 720.10.) The conviction is deemed vacated, and replaced by a youthful offender adjudication (CPL 720.20 [3]).
Since a youthful offender adjudication is not a conviction for a crime, it may not be shown to affect the witness’ credibility (People v Cook, supra, at 595; People v Vidal, 26 NY2d 249, 253 [1970]; People v Rahming, 26 NY2d 411 [1970]; see also, Richardson, Evidence § 506 [Prince 10th ed]). However, it is permissible to use the underlying facts and circumstances pertaining to the youthful offender adjudication in order to impeach the witness (see, People v Warner, 52 AD2d 684 [3d Dept 1976]).
In People v J.K. (137 Misc 2d 394 [Suffolk County Ct 1987]), the civil plaintiff, in an action for damages, made a motion to unseal the defendant’s Y.O. adjudication in order to properly prosecute the civil action which arose out of the same set of facts. The court denied the motion, holding that the plaintiffs had not shown the need nor the relevancy, nor the support for their request. As the plaintiffs were aware of the underlying facts in their case, there was no need to breach the confidentiality of the court’s file. (People v J.K., supra, at 399.)
Such is the case here. The defendant seeks information about the complainant witness concerning the same underlying facts for which he, the defendant, was arrested. The defendant, if he so chooses, could testify to the underlying facts.* As the defendant already knows the underlying facts, he already has the information necessary to cross-examine and/or impeach the complainant witness as to his illegal act. This is not the case, as in People v Scott (134 Misc 2d 224 [Sup Ct 1986]) where the court granted the defendant’s motion to unseal the complainant’s Y.O. adjudication for a prior crime, where the defendant needed to ascertain the underlying facts in order to cross-examine the witness.
In Royal Globe Ins. Co. v Mottola (89 AD2d 907 [2d Dept 1982]), the defendant’s plea minutes were utilized by the court *280 in deciding and granting the plaintiffs motion for partial summary judgment on the issue of liability arising out of an arson case. The defendant had pleaded guilty to arson in the fourth degree, after which he was adjudicated a youthful offender. The Appellate Division reversed, and held that it was error for the records (the plea minutes) to have been disclosed and utilized since there was no authorization by the court for their disclosure.
Although it has been held that access to such confidential information is appropriate where the information sought is to be used to show specific instances of bias, prejudice or ulterior motive of the witness (see, e.g., Davis v Alaska, 415 US 308 [1974]), such is not the case here. As this court said in Matter of Department of Juvenile Justice v George (111 Misc 2d 19, 21-22 [Sup Ct 1981]), "there is no such compulsion when requests to examine records are motivated by nothing more than impeachment of witnesses’ general credibility. Denial of access to confidential data is warranted in cases in which the party fails to demonstrate any theory of relevancy and materiality, but instead, merely desires an opportunity for an unrestrained foray into confidential records in hope that unearthing of some unspecified information will enable him to impeach the witness.”
Therefore, for all the above reasons, defendant’s motion is denied.
II
Defendant’s request for an order pursuant to People v Cwikla (46 NY2d 434 [1979]) for a statement from the People as to "discussions” had with the witness’ attorney or the Assistant District Attorney prosecuting People v Morton is denied.
The People have stated in their affirmation in opposition that no deal was made regarding the prosecution, plea and sentence of the Morton case.
This is not a case like Cwikla (supra), where the witness, who was an accomplice to the crime and had already pleaded guilty, was serving time at the time of trial. He had asked the Assistant District Attorney to write to the Parole Board on his behalf, and the Assistant when requested by the court, refused both to turn over letters written or to indicate whether any letters had even been written or received. It subsequently turned out that the letters and the Parole Board’s response *281 did exist (letters which were written by the trial Assistant himself prior to trial), and the defendant’s conviction was reversed and the case remanded because of, among other things, prosecutorial misconduct.
This court agrees that the People have an obligation to disclose the presence of any agreement or promises made to a witness for his or her cooperation for testifying. In People v Novoa (70 NY2d 490 [1987]), a homicide case, the witness was under a separate indictment for different (narcotics) crimes. She was promised lifetime probation as opposed to a sentence of three years to life if she cooperated and testified against the defendant. The Assistant failed to correct the witness’ statement on the stand that "no promises” had been made and to reveal to the court that an understanding between the witness and the Special Narcotics Prosecutor had been reached.
In the instant case, the witness cannot receive any "benefit” by testifying. He has already pleaded guilty and was sentenced. There is no reason to believe that the witness has any specific bias or motive to testify. The People have stated affirmatively in their answering papers that no deal was made with this witness. This court assumes that as an officer of the court, the Assistant’s statements are true.

 Indeed, defendant has informed this court in prior motion papers, that he believes that the complainant witness fired first, putting forth the possibility of a self-defense/justification defense. If defendant decides to follow this theory at trial, then it is axiomatic that the only way defendant’s version of the events would get before the jury would be for either the defendant or his witnesses to testify.