*384 OPINION OF THE COURT
Seymour Rotker, J.
The Office of the Queens County District Attorney, on behalf of the Office of the Ulster County District Attorney, moves this court, pursuant to CPL 720.35 and 390.30, for an order unsealing the records of the defendant, and for the release of this probation report prepared in 1987. The records sought concern a youthful offender adjudication afforded defendant by this court in 1987.
The defendant currently stands charged, in Ulster County, with the crime of murder in the first degree. The District Attorney of Ulster County has filed a notice of intention to seek the death penalty.
It is the People’s contention that the records sought are necessary "to all parties”, in order to investigate the background of the defendant, and gather information for possible use during the penalty phase of defendant’s trial. In support of this position, the District Attorney of Ulster County has submitted an affirmation which reiterates the claims set forth by the Queens County District Attorney. The affirmation also claims that the assistance of the Queens County District Attorney has been sought, and is necessary due to the small size of the Office of the Ulster County District Attorney, and its geographic location.
It is the position of both defense counsel and the New York City Department of Probation that the records are confidential and should not be released. They rely on the lack of statutory authority authorizing release and the failure of the People to articulate a sufficient basis for the exercise of the court’s discretion to order an unsealing of the records.
Article XIII, § 13 of the New York Constitution effectively creates the Office of the District Attorney by stating that that individual shall be chosen by the voters of the county in which the individual is to serve.
County Law § 700 establishes and delineates the powers and duties of the District Attorney. The statute explicitly limits, except for special circumstances, the functioning of the District Attorney to the county within which he or she was elected. The statute also empowers the District Attorney to prosecute crimes within that county. Section 927 of the County Law mirrors section 700 in establishing the powers and duties of the District Attorneys in the five boroughs of New York City.
*385 County Law § 701 delineates the conditions and procedures to be followed in the event the appropriate District Attorney is unable to perform the duties of said office.
Appointment of a Special District Attorney is done by a superior criminal court in the county where the action is triable (County Law § 701). The appointment is to be an attorney within the county, an adjoining county, or of any other county within the judicial department where the action is triable (County Law § 701 [1] [a], [b]).
These statutes are clear and unambiguous.
Courts are to construe clear and unambiguous statutes so as to give effect to the plain meaning of the words used (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662; Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669). Where the statute describes the particular situation in which it is to apply, and no qualifying exceptions are added, the inference must be drawn that what is omitted or not included was intended to be omitted or excluded (Matter of Alonzo M. v New York City Dept. of Probation, supra). The exercise of judgment and discretion in the performance of the duties of the District Attorney cannot be delegated to another without express legislative authority (People v Di Falco, 44 NY2d 482). No statutory basis for the substitution of the Queens County District Attorney for the Ulster County District Attorney has been advanced.
It is clear that the Queens County District Attorney has failed to establish standing to put forth the instant motion. They have maintained that the defendant committed the crime underlying the murder charge in Ulster County. The information to be gathered is to be used by the District Attorney in prosecution of that crime. Ulster County is not contiguous to Queens County and is located in the Third Department.
Although the two offices, Queens County and Ulster County, have reached an accord in the prosecution of the instant motion, no basis in law has been set forth, which would authorize such action.
In their supplemental affirmation, the Queens County District Attorney directs the court’s attention to Executive Law § 837-1.
In oral argument, the People maintain that since this statute authorizes payment for assistance by one District Attorney to another in capital cases, then this action is authorized.
This statute, however, is a funding provision which establishes an assistance program for the distribution of funds to *386 District Attorneys prosecuting capital cases. Although the last sentence of said section states: "Such funds may also be distributed to a district attorney who, upon the request of another district attorney, has provided assistance in the prosecution of a capital case” (Executive Law § 837-l), this language in no way abrogates the sections previously cited, nor does it establish statutory authority for Queens County to act on behalf of Ulster County.
There is no legal restriction which would prevent the Office of the Ulster County District Attorney from making the instant motion on their own behalf. Of necessity, a motion to unseal youthful offender records, and release a probation report, must be directed to the court which adjudicated and sentenced the defendant (Holmes v State of New York, 140 AD2d 854 [3d Dept]; Matter of Thomas v Scully, 131 AD2d 488 [2d Dept]; Royal Globe Ins. Co. v Mottola, 89 AD2d 907).
Release of the confidential records protected by CPL 720.30 and 390.50 is to be done only upon specific authorization of the court, by statute or where specifically required. As the People have established no statutory authority for disclosure of the information, specific authorization of the court is required, for release of the records (Matter of Blanche v People, 193 AD2d 991 [3d Dept]; People v J.K., 137 Misc 2d 394).
The purpose of the youthful offender treatment of certain individuals was the avoidance of the stigma and practical consequences accompanying a criminal conviction (People v Cook, 37 NY2d 591). Access to confidential information is appropriate where the information sought is to be used to show specific instances of bias, prejudice or ulterior motive of the witness (People v Ramos, 153 Misc 2d 277). Denial is warranted in cases where there has been a failure to demonstrate a theory of relevancy or materiality, but rather demonstrates only an opportunity for an unrestrained foray into the records for some unspecified information to be used for impeachment (People v Gissendanner, 48 NY2d 543; People v Ramos, supra).
The affidavits in support of the instant motion have made no factual showing sufficient to warrant "overriding the cloak of confidentiality” accorded the material sought (Matter of Salamone v Monroe County Dept. of Probation, 136 AD2d 967 [4th Dept]). The People maintain that the information is necessary for investigative purposes relative to the defendant’s background, and possibly rebuttal during the penalty phase of the trial. These reasons are far too tenuous and nebulous to overcome the legislatively authorized confidentiality of these records.
*387 Should, the matter reach the penalty phase, the People would be in a far better position to determine precisely what information is necessary, and where that information is located. This would allow the court to fashion an order balancing the needs of the State with those of the defendant as protected by the confidentiality of the statute.
In a like fashion, any Sandoval (People v Sandoval, 34 NY2d 371) application made to the trial court would delineate the necessity for the sealed records. This would enable the trial court, to determine the necessity of a motion to unseal the records initially. Should the trial court determine, in the course of its Sandoval (supra) ruling, that it would not permit questioning in any regard concerning the 1987 adjudication, a motion to unseal would be entirely unnecessary.
Therefore, for the reasons stated herein, the motion is denied, without prejudice. The People may renew the instant motion on a proper showing, and with the proper parties.