■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT PETERSON, Appellant. [656 NYS2d 1003] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to withdraw his plea of guilty to manslaughter in the first degree. We disagree. The court made sufficient inquiry into defendant's grounds for withdrawal (*see, People v Fiumefreddo,* 82 NY2d 536, 543). The court was satisfied that the plea was entered knowingly and voluntarily and that defendant had an opportunity to make a voluntary and rational decision with sound legal advice (*see, People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). Under the circumstances, the court did not abuse its discretion in denying defendant's motion to withdraw the plea. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE G. WILSON, Appellant. [656 NYS2d 1002] —Order unanimously affirmed. Memorandum: County Court properly denied the motion to vacate defendant's conviction pursuant to CPL 440.10. The record is devoid of evidence that the People entered into an agreement with a prosecution witness to induce him to testify (*cf., People v Steadman,* 82 NY2d 1; *People v Novoa,* 70 NY2d 490). Further, the record establishes that the People satisfied their statutory obligation to disclose the criminal history of that witness to defendant (*see,* CPL 240.45 [1] [b], [c]). (Appeal from Order of Monroe County Court, Egan, J.— CPL art 440.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.