■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND FYFFE, Appellant. (Appeal No. 1.) [672 NYS2d 552] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contentions that the evidence of his intent to kill is legally insufficient to support the murder conviction (*see, People v Gray,* 86 NY2d 10, 19; *People v Hryckewicz,* 221 AD2d 990, *lv denied* 88 NY2d 849) and that County Court erred in permitting the prosecutor to inquire into uncharged crimes without the benefit of a *Ventimiglia* hearing (*see, People v Johnson,* 233 AD2d 887, *lv denied* 89 NY2d 1095). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The sentence imposed is not unduly harsh or severe.

Defendant's motion to vacate the conviction pursuant to CPL 440.10, based upon the People's alleged failure to disclose evidence impacting adversely on the credibility of a prosecution witness, was properly denied (*see, People v Clausell,* 182 AD2d 132, 135, *lv denied* 81 NY2d 761; *People v Alongi,* 131 AD2d 767, 768). The record with respect to that motion fails to support defendant's allegation that the People entered into an agreement with the witness to induce him to testify (*see, People v Wilson,* 237 AD2d 973, *lv denied* 90 NY2d 866; *People v Orr,* 190 AD2d 760, *lv denied* 81 NY2d 974; *cf., People v Steadman,* 82 NY2d 1). Further, the People satisfied their statutory obligation to disclose the record of judgment of conviction of that witness (*see,* CPL 240.45 [1] [b]; *People v Wilson, supra*). "A youthful offender adjudication is not a judgment of conviction for a crime" (CPL 720.35 [1]). Although defendant was entitled, for purposes of impeachment, to cross-examine that witness with respect to the acts underlying his youthful offender adjudication (*see, People v Scott,* 134 Misc 2d 224, 226; *see also, People v Greer,* 42 NY2d 170, 176; *People v Cook,* 37 NY2d 591, 595), information concerning those underlying acts did not consti-

tute *Brady* material. "Absent a connection to the crime charged, it was collateral and it was not otherwise the kind of material required by the courts to be supplied to defendant for use to impeach a witness (*see, United States v Bagley,* 473 US 667; *Giglio v United States,* 405 US 150)" (*People v Battee,* 122 AD2d 526, 527, *lv denied* 70 NY2d 749). Further, even if the People had an obligation to disclose that information, "constitutional error occurs only if the evidence which was not disclosed was material in the sense that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' (*United States v Bagley,* [*supra,* at 682]), plainly not the case here" (*People v Chin,* 67 NY2d 22, 33). (Appeal from Judgment of Oneida County Court, Buckley, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.